## STATE OF CONNECTICUT *v.* THADDEUS TAYLOR
## (AC 25250)

Lavery, C. J., and Schaller, Dranginis, Flynn, Bishop, DiPentima, McLachlan, Harper and Dupont, Js.

Argued May 4—officially released October 4, 2005

*Janet A. Reither Perrotti,* deputy assistant public defender, with whom was *Kent Drager,* senior assistant public defender, for the appellant (defendant).

*Melissa L. Streeto Brechlin,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, *Eugene R. Calistro, Jr.,* assistant state's attorney, and *David Newman* and *Robert O'Brien,* supervisory assistant state's attorneys, for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Thaddeus Taylor, appeals from the judgment of the trial court denying his motion, captioned "Motion for Correction of Illegal Sentence." In his motion, the defendant asserted that he was (1) improperly deprived of his right to participate in the presentence investigation report (PSI) prepared for his sentencing in 1997, (2) improperly denied a continuance to participate properly in the preparation of the PSI and (3) not provided with a copy of the PSI in a timely manner. The defendant sought, as relief in his motion, a "reconvening" of the presentence investiga-

tion so that the sentence review division could review properly his application for a lesser sentence that is pending before that division. We conclude that the defendant failed to state a claim within the scope of Practice Book § 43-22[1] and therefore that the court had no jurisdiction over the subject matter of the motion. We reverse the denial of the defendant's motion and remand the matter to the trial court with direction to render judgment of dismissal.

The jury found the defendant guilty of three counts of assault on an employee of the department of correction, in violation of General Statutes § 53a-167c. On April 11, 1997, the court sentenced the defendant to a total effective term of twelve years incarceration, execution suspended after six years, and five years probation, which was to run consecutive to a federal sentence that the defendant was then serving. The defendant appealed from the judgment of conviction, which this court affirmed. *State* v. *Taylor*, 63 Conn. App. 386, 776 A.2d 1154, cert. denied, 257 Conn. 907, 777 A.2d 687, cert. denied, 534 U.S. 978, 122 S. Ct. 406, 151 L. Ed. 2d 308 (2001). The defendant also filed an application to the sentence review division, which remains pending, awaiting the resolution of this appeal. While his application for sentence review was pending, and nearly seven years after the date of his sentencing, the defendant filed the motion to correct his sentence. On February 20, 2004, after a hearing, the court denied the defendant's motion, concluding that the relief sought by the defendant "would create material outside the parameters of appropriate sentence review analysis."[2]

---

[1] Practice Book § 43-22, entitled "Correction of Illegal Sentence," provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[2] In denying the defendant's motion on its merits, the court implicitly assumed that it had subject matter jurisdiction over the motion.

The defendant sought in his motion a new or amended PSI for use in his postjudgment application to the sentence review division, rather than a correction of a sentence imposed in an illegal manner. The claim for such relief, as described in the body of the defendant's motion, is not within the jurisdictional parameters of Practice Book § 43-22, as the defendant claims. This is not a case that involves Practice Book § 43-22, unlike those motions stating claims that fall within the section's express conditions for correction of an illegal sentence. Such a lack of jurisdiction requires a dismissal, rather than a denial of the defendant's motion.[3]

Whether the court has subject matter jurisdiction is a question of law over which our review is plenary. *Roos* v. *Roos*, 84 Conn. App. 415, 418, 853 A.2d 642, cert. denied, 271 Conn. 936, 861 A.2d 510 (2004). "The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005). We consider the question of subject matter jurisdiction because, once raised, the question of subject matter jurisdiction must be answered before we can address the other issues raised. *Rayhall* v. *Akim Co.*, 263 Conn. 328, 337, 819 A.2d 803 (2003).

Numerous cases provide support for the proposition that a motion is to be decided on the basis of the substance of the relief sought rather than on the form or

---

[3] *State* v. *Brown*, 40 Conn. App. 483, 671 A.2d 1316 (1996), aff'd, 242 Conn. 389, 699 A.2d 943 (1997), states, as dicta and without authority, that if a dismissal is proper and a denial is not, a denial may nevertheless be rendered if there is no practical difference between the two. Id., 488 n.3. There is always a practical difference between the two, however, because one requires a review on the merits and the other does not. Just because a review on the merits does not support the appellant is no reason to conclude that the right to review and the review itself eliminate any difference between a denial and a dismissal.

the label affixed to the motion. *In re Haley B.*, 262 Conn. 406, 412–13, 815 A.2d 113 (2003); *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 261 n.4, 865 A.2d 488, cert. denied, 273 Conn. 916, 871 A.2d 372 (2005); *Drahan* v. *Board of Education*, 42 Conn. App. 480, 489, 680 A.2d 316, cert. denied, 239 Conn. 921, 682 A.2d 1000 (1996); *Jaser* v. *Jaser*, 37 Conn. App. 194, 202, 655 A.2d 790 (1995); *Whalen* v. *Ives*, 37 Conn. App. 7, 16–17, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995). It is the substance of a motion, therefore, that governs its outcome, rather than how it is characterized in the title given to it by the movant. In this case, the court, on the basis of the arguments of the defendant and the content of his motion, ruled on the question of whether he was entitled to a new or amended PSI for use in pursuing his application before the sentence review division.

The relief the defendant sought in the claims made in the body of his motion and at the hearing on his motion is crucial to the parameters of any decision in this case. There is a vast difference between the relief of correction of a sentence by the judicial authority, pursuant to Practice Book § 43-22, due to an illegal sentence or the imposition of a sentence in an illegal manner and the relief, postsentence, of correction or amendment of a PSI report for use at a sentence review hearing on the application of a defendant pursuant to General Statutes § 51-194 et seq. The purpose of Practice Book § 43-22 is to correct a sentence that either is illegal or was imposed in an illegal manner.

"An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right . . . to

be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988).

The relief of sentence correction is warranted when, for example, (1) the defendant's claim either raises issues relating to the legality of the sentence itself or to the legality of the sentencing procedure and (2) the allegations of the claim are in fact substantiated on a review of the merits of the claim. In this case, the defendant's allegations in the body of his motion do not involve a claim or a colorable claim of an illegal sentence that would, if the merits of the claim were reached and decided in the defendant's favor, require correction of a sentence. The first requisite, namely, raising a colorable claim within the scope of Practice Book § 43-22, for the relief afforded by that section has not been met, and jurisdiction is lacking. Whether jurisdiction to review the merits of a claim exists is not defined by the odds of victory on the merits of a case.

It is axiomatic that, in a criminal case, the jurisdiction of the sentencing court terminates once a defendant's sentence has begun and a court may no longer take any action affecting a sentence unless it expressly has been authorized to act. *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37, 779 A.2d 80 (2001). One such authorization of jurisdiction to act is found in Practice Book § 43-22. No statute or rule of practice of which we are aware authorizes a trial court, after the defendant's sentence has commenced, to revise, amend or correct a PSI report for use by the sentence review division. Without such authority, jurisdiction to enter-

tain a motion to amend a PSI report, after sentence has commenced, is lacking.

In contrast to Practice Book § 43-22, the relief of the legislation creating the sentence review division is to afford *properly* sentenced and convicted persons a limited appeal for a reconsideration of their sentence; *State v. Nardini*, 187 Conn. 109, 121, 445 A.2d 304 (1982); rather than an avenue to correct an illegally imposed sentence. The sentence review division offers defendants an optional, de novo hearing as to the punishment to be imposed. Id., 122. The purpose of the legislation was to create a forum in which to equalize the penalties imposed on similar offenders for similar offenses. A PSI report is used not only as an aid to the sentencing court before the sentence is imposed, but as an aid to the sentence review division in those cases in which the defendant has applied for review of a sentence properly imposed. See Practice Book §§ 43-3, 43-4, 43-7, 43-9, 43-10, 43-26.

On appeal, the defendant argues for the first time that his sentence was imposed in an illegal manner. The defendant did not, however, raise that argument before the trial court and, therefore, the trial court decided the motion on the grounds stated in the motion and during oral argument. For purposes of the defendant's appeal, we focus on the motion that the defendant filed and the argument that he made at the hearing on that motion. On the basis of our review of both the defendant's motion and the transcript of the hearing, we conclude that the defendant failed to assert a colorable claim within the scope of Practice Book § 43-22. The defendant's postjudgment, postsentence motion was improper as a matter of law and subject to dismissal for lack of jurisdiction because it made no claim cognizable under Practice Book § 43-22 and because there is no statute or rule of practice allowing a postsentence correction of a PSI.

The form of the judgment is improper, the judgment denying the defendant's motion to correct an illegal sentence is reversed and the case is remanded with direction to render judgment of dismissal.

In this opinion LAVERY, C. J., and DRANGINIS, FLYNN, BISHOP, DiPENTIMA, McLACHLAN and HARPER, Js., concurred.

SCHALLER, J., concurring. I concur in the result reached by the majority, although I respectfully disagree that the trial court initially lacked jurisdiction to consider the motion filed by the defendant, Thaddeus Taylor. In my view, the defendant's "Motion For Correction of Illegal Sentence" raised a claim that was within the ambit of Practice Book § 43-22.[1] As a result of the defendant's subsequent failure to pursue that avenue of relief and his choice, instead, to proceed solely with a claim concerning a new presentence investigation (PSI) report, I believe that the court was divested of jurisdiction. Accordingly, I agree with the majority that the defendant's claim should be dismissed.

In order to explain my disagreement with the majority, it is necessary to set forth certain aspects of the factual and procedural history pertaining to this case. The defendant applied for review of his term of incarceration by the sentence review division (division).[2] On January 2, 2004, his counsel filed a motion pursuant to Practice Book § 43-22 captioned "Correction of Illegal Sentence," which stated: "Defendant's attorney respectfully requests that the Superior Court for the 23rd Geographical Area, Judicial District of New Haven, State

---

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[2] See generally *Staples* v. *Palten*, 214 Conn. 195, 197 n.3, 571 A.2d 97 (1990); *State* v. *Nardini*, 187 Conn. 109, 118–19, 445 A.2d 304 (1982).

of Connecticut, pursuant to [Practice Book §] 43-22 correct the illegal sentence imposed upon the defendant on April 11, 1997 before the Honorable Joseph Clark.

"Defendant did not waive or refuse to participate in his Presentence Investigation. However, defendant was denied participation in the report preparation pursuant to [Practice Book §] 43-5. Judge Clark erroneously ordered the sentencing to proceed and denied a continuance so that the defendant could participate in a properly conducted PSI. Further, the defendant was not furnished a copy of said PSI report pursuant to Connecticut General Statutes [§ 54-91b] at least twenty-four hours prior to the date set for sentencing.

"Defendant's attorney moves that the interview be reconvened pursuant to [Practice Book §] 43-4 in order that the defendant's application before the . . . [d]ivision can be heard and defendant's attorney can have the necessary information to proceed.

"The denial of a continuance for purposes of securing a PSI has severely prejudiced the defendant's application before the . . . [d]ivision by limiting the materials, information, reports, and exhibits that can be considered pursuant to [Practice Book §] 43-28.

"The denial by the trial court of a properly conducted PSI has severely hampered the assistance of defendant's attorney in her capacity as his attorney before the . . . [d]ivision."

That motion contained two avenues for legal relief; first, the correction of an illegal sentence and, second, a new PSI for use before the division. I believe that the first two paragraphs of the defendant's motion properly presented a claim pursuant to Practice Book § 43-22 that his sentence was imposed in an illegal manner[3] as

---

[3] "An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . [In contrast], [s]entences imposed in an illegal manner have been defined as being within the

a result of deficiencies in the PSI process.[4] In my view, the court, therefore, possessed jurisdiction to hear and decide the motion.[5] Of course, it is axiomatic that "[s]ubject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *O'Bryan* v. *O'Bryan*, 67 Conn. App. 51, 53–54, 787 A.2d 15 (2001), aff'd, 262 Conn. 355, 813 A.2d 1001 (2003); see also *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999).

At the February 20, 2004 hearing, the defendant effectively waived or abandoned his claim that his sentence

relevant statutory limits but . . . imposed in a way which violates defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988).

[1] "Construction of the effect of pleadings is a question of law and, as such, our review is plenary." *Ross* v. *Forzani*, 88 Conn. App. 365, 368, 869 A.2d 682 (2005).

[5] Our Supreme Court has stated that "the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action *affecting a defendant's sentence* unless it expressly has been authorized to act." (Emphasis in original; internal quotation marks omitted.) *State* v. *Alexander*, 269 Conn. 107, 113, 847 A.2d 970 (2004); see also *State* v. *Tuszynski*, 23 Conn. App. 201, 206, 579 A.2d 1100 (1990). The correction of an illegal sentence or one imposed in an illegal manner, however, is an exception to this general rule. See *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 38, 779 A.2d 80 (2001).

was imposed in an illegal manner and, instead, limited the issue before the court solely to whether a new PSI should be completed. Counsel for the defendant indicated that she needed to obtain a proper and accurate PSI report for the proceedings before the division. She specifically requested the court "to order a [PSI] report and to correct [the failure to order the new PSI] by the trial court." The court inquired whether the division would be able to use an amended PSI report because its review is limited to the materials before the sentencing court. Practice Book § 43-26;[6] see also *State v. Relliford,* Superior Court, judicial district of New London, Docket No. FA-93-243018-S (February 22, 2005). The state argued that use of a new PSI by the division would be improper. The following colloquy occurred:

"[The Prosecutor]: Well, yes, I thought that what we are doing is arguing a request for a PSI to be prepared for the [division] because that is where I am appearing and, I believe, that is where counsel is—

"The Court: Isn't that what the motion calls for?

"[The Prosecutor]: Yes.

"[Defense Counsel]: Yes, Your Honor."

The court then stated that the motion, despite its caption, sought only the relief of a new PSI report for use by the division when reviewing the defendant's sentence. Counsel for the defendant did not inform the court that she also wanted the court to correct the defendant's sentence pursuant to Practice Book § 43-22.

I believe that the original motion alleged two separate and independent legal grounds for relief, the first of

---

[6] Practice Book § 43-26 provides: "The defendant, at the time the application for review is filed, may request the clerk to forward to the review division *any documents in the possession of the clerk previously presented* to the judicial authority at the time of the imposition of sentence." (Emphasis added.)

which was within the scope of Practice Book § 43-22 because it alleged that the defendant was denied participation in the PSI process and, thus, was sentenced in an illegal manner. Our jurisprudence contains the well-founded principle that in determining whether a court has subject matter jurisdiction, every presumption should be made toward resolving the question in favor of jurisdiction. *Loricco Towers Condominium Assn.* v. *Pantani*, 90 Conn. App. 43, 48, 876 A.2d 1211 (2005). That principle supports my conclusion that the first two paragraphs of the motion set forth a claim within the scope of Practice Book § 43-22 and, accordingly, the court had jurisdiction to hear and to consider the merits of the motion.

As a result of the events at the hearing, it is clear that the defendant failed to pursue his claim pursuant to Practice Book § 43-22 and expressly limited the scope of his motion to his request for a new PSI report for use before the division.[7] At that point, therefore, the only issue before the court was one that clearly did not fall within the scope of Practice Book § 43-22. Because there is no other authority by which the court could act, the court lacked jurisdiction over that request for relief. In reaching that conclusion, I am mindful of our

---

[7] At that hearing, the defendant's counsel indicated that the lack of an adequate PSI hampered her ability to argue successfully for a reduction of the original sentence. The prosecutor also stated that the purpose of the hearing was to determine whether a new PSI was warranted. Most importantly, the responses of defense counsel to the questions posed by the court reveal the remedy that she sought. When the court explicitly asked the defendant's counsel to specify the remedy sought, she responded, "*I am asking the court to order a [PSI] report . . . .*" (Emphasis added.) Finally, after further argument, the defendant's counsel conceded that the motion merely called for a new PSI report to be ordered. She did not attempt to clarify or expand her response, or request additional relief, such as the correction of a sentence imposed in an illegal manner. "The court has a right, if not a duty, to rely on the representations of a defendant's counsel." *State* v. *Holmes*, 75 Conn. App. 721, 730, 817 A.2d 689, cert. denied, 264 Conn. 903, 823 A.2d 1222 (2003).

cases which have stated: "[A]s a general rule, jurisdiction once acquired is not lost or divested by subsequent events. . . . *Loulis* v. *Parrott*, 241 Conn. 180, 198, 695 A.2d 1040 (1997), overruled in part on other grounds, *Munroe* v. *Zoning Board of Appeals*, 261 Conn. 263, 272, 802 A.2d 55 (2002); *Bailey* v. *Mars*, 138 Conn. 593, 601, 87 A.2d 388 (1952); *State* v. *One 1976 Chevrolet Van*, 19 Conn. App. 195, 199, 562 A.2d 62 (1989)." (Internal quotation marks omitted.) *In re Shonna K.*, 77 Conn. App. 246, 258, 822 A.2d 1009 (2003). That rule, however, is not without exception. For example, "[s]ubsequent events that render a case moot will result in the loss of subject matter jurisdiction." Id.; see also *Rowe* v. *Goulet*, 89 Conn. App. 836, 844, 875 A.2d 564 (2005) (failure by trial court to render judgment within 120 days pursuant to General Statutes § 51-183b can divest court of jurisdiction over parties). Moreover, those cases involving the general rule are distinguishable, as they do not involve a factual scenario in which the claims before the trial court have been altered so that the sole issue before the court is one that the court lacks jurisdiction to hear.

In light of the principle that challenges to the court's subject matter jurisdiction may be raised by either party or by the court sua sponte at any time; see *In re Shawn S.*, 66 Conn. App. 305, 309, 784 A.2d 405 (2001), aff'd, 262 Conn. 155, 810 A.2d 799 (2002); I conclude, under the facts and circumstances of this case, that following the defendant's abandonment of his claim that left only the issue of the PSI report before the court, the court no longer possessed jurisdiction over his claim. Accordingly, dismissal of the defendant's motion is the proper course. For those reasons, I concur in the result reached by the majority.