******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JASON B.*
(AC 39287)

DiPentima, C. J., and Keller and Mullins, Js.

*Syllabus*

The defendant, who had been convicted of the crimes of sexual assault in
the first degree and unlawful restraint in the first degree, appealed to
this court from the judgment of the trial court dismissing his motion to
correct an illegal sentence. The trial court determined that the defendant
had failed to present a colorable claim that the sentence had been
imposed in an illegal manner and, therefore, the trial court lacked juris-
diction over the motion. On appeal, the defendant claimed that the trial
court had jurisdiction because his motion fell within the applicable
rule of practice (§ 43-22) in that it alleged that the sentencing court
improperly ordered his sentences to run consecutively on the basis of
inaccurate information or considerations not contained in the record.
*Held* that the trial court properly dismissed the motion to correct an
illegal sentence, the defendant having failed to raise even the possibility
that the sentencing court relied on information that was inaccurate or
outside the record and, therefore, the court did not have jurisdiction to
entertain the defendant's motion; although the sentencing court com-
mented on the seriousness of the defendant's actions in driving the
victim around his car for what appeared to be a period longer than was
necessary to commit the sexual assault on the victim and that, had the
defendant been charged with and convicted of kidnapping rather than
unlawful restraint, he would have received a greater sentence, those
comments were based on the facts of the case and merely served as a
rhetorical admonition by the sentencing court regarding the seriousness
of the defendant's actions and his failure to take responsibility for them
and did not constitute facts that reasonably could be viewed as informa-
tion that was inaccurate or outside the record.

Argued May 31—officially released September 5, 2017

*Procedural History*

Substitute information charging the defendant with
the crimes of sexual assault in the first degree and
unlawful restraint in the first degree, brought to the
Superior Court in the judicial district of Fairfield and
tried to the jury before *Rodriguez, J.*; verdict and judg-
ment of guilty, from which the defendant appealed to
this court, which affirmed the judgment of the trial
court; thereafter, the court, *Devlin, J.*, dismissed the
defendant's motion to correct an illegal sentence, and
the defendant appealed to this court. *Affirmed.*

*Jason B.*, self-represented, the appellant (defendant).

*Nancy L. Chupak*, senior assistant state's attorney,
with whom, on the brief, were *John C. Smriga*, state's
attorney, and *Adam E. Mattei*, assistant state's attorney,
for the appellee (state).

*Opinion*

MULLINS, J. The defendant, Jason B., appeals from the judgment of the trial court dismissing the defendant's motion to correct an illegal sentence.[1] The court dismissed the motion on the ground that the defendant failed to present a colorable claim that his sentence had been imposed in an illegal manner. The defendant claims this was error. We affirm the judgment of the trial court.

The following facts, which were set forth by this court in the defendant's direct appeal from his judgment of conviction of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a), inform our review. "The victim . . . and the defendant were married in September, 1999, and had a daughter . . . . [The victim] filed for divorce in October, 2005, and their divorce became final in February, 2006.

"On February 21, 2006, the defendant repeatedly contacted [the victim] and requested to meet with her. They . . . eventually met at a Borders bookstore at about 8:30 p.m. They later walked to a nearby Boston Market for dinner, where the defendant asked [the victim] to have sex with him. She refused, and he asked her to join him in his car for a cigarette. She got into the car, where the defendant renewed his requests for sex, which [the victim] continued to turn down. She tried to get out of the car at least once, but the defendant pulled her back in by the arm. The defendant then informed [the victim] that he had withdrawn all of the money from their joint bank account, approximately $6000, which was all of [the victim's] savings. He also told her that he was going to make her life very difficult, that he was going to take [their daughter], that she would never see [her] again and that he was going to hurt everyone that she knew. He told [the victim] that if she slept with him, he would give back the money and leave her alone. [The victim] again tried to get out of the car, but the defendant pulled her back in.

"The defendant then drove off with [the victim] in the car, and [the victim] began screaming out the window; at some point, he had locked all of the doors. He eventually stopped the car in a dark, wooded area with no houses nearby. He climbed from the driver's side to the passenger's side of the car, where [the victim] was sitting, and began touching her between her legs. [The victim] testified that she tried to fight him off but that she was unable to because he had her left arm pinned behind her head and he was stronger than she was. At one point, he also took her [cell phone] from her and threw it in the backseat. He also repeatedly put his hand over her mouth to the point where she could not breathe, and he stopped only when she told him she

would not fight him anymore.

"The defendant eventually climbed off of [the victim], started the car and told her he would bring her home. Instead, while he was driving, he unzipped his pants, removed his penis and ordered [the victim] to perform fellatio. She began to do so but began to feel sick and . . . asked the defendant to stop the car. He stopped the car, and she opened the car door and vomited on the side of the road. The defendant started the car again and continued to drive; [the victim] did not know where she was or what town she was in. [The victim] asked to use a bathroom, and the defendant stopped the car again and she got out to urinate. [The victim] returned to the car and the defendant instructed her to lie down as he reclined the seat. The defendant then began touching [the victim's] vagina, asking her if she liked it. She told him she wanted him to stop, and he said: 'No you don't. He took off his belt, flexed it and ordered her into the backseat of the car. They both got into the backseat, and the defendant penetrated the victim's vagina and anus with his penis. After he stopped, the defendant returned to the driver's seat of the car and drove away. He eventually returned to the Boston Market, where [the victim] had left her car, and dropped her off. [The victim] got into her car and drove home. [The victim's] mother, who was at home, called 911, and, after [the victim] was taken to a hospital, she told the emergency room physician that her former husband had forced her to have sex with him." (Footnote omitted.) *State* v. *Jason B.*, 111 Conn. App. 359, 360–62, 958 A.2d 1266 (2008), cert. denied, 290 Conn. 904, 962 A.2d 794 (2009).

After a jury trial, the court, in accordance with the jury's verdict, rendered a judgment of conviction of sexual assault in the first degree and unlawful restraint in the first degree. At the sentencing hearing, the state requested that the court impose lengthy sentences and that the court order the sentences to run consecutively. Defense counsel argued in relevant part: "I disagree with the consecutive sentences. However, Your Honor, that would be up to Your Honor . . . . I just think that consecutive sentences are . . . inappropriate at this point . . . and I think that there would be *no need to do that in light of the charges*." (Emphasis added.)

Addressing the defendant, the sentencing court stated: "Mr. [B.], I believe that your [former] wife is rightfully afraid of you, and it is clear to me that you are a person who shows no respect for your [former] wife, nor for your daughter based upon your conduct during the months [that] preceded the sexual assault . . . . You also appear to have a significant problem with self-control and a compulsion for the control of others.

"The unlawful restraint, *in my opinion, given the facts of this case*, was a lesser included offense of kid-

napping in the first or second degree, which would expose you to a greater sentence. And, when your lawyer . . . makes note of his objection to the state's request in light of the charges for that reason, because kidnapping in the first or second degree would have exposed you to a greater period of incarceration for that conduct when you were driving around, lost in the dark, against her wishes in your truck, and forcing her to engage in sexual contact with you . . . .

"You refuse to take responsibility for your conduct, as far as the court is concerned. You attempted to make this a case of consent. It's never been about consent. This . . . incident with your [former] wife was sexual assault." (Emphasis added.)

As a result, on the sexual assault count, the court sentenced the defendant to twenty years incarceration, execution suspended after ten years, with thirty-five years of probation and lifetime sex offender registration. On the unlawful restraint count, the court sentenced the defendant to five years incarceration. The court ordered that each count would run consecutive with each other, for a total effective sentence of twenty-five years incarceration, execution suspended after fifteen years, with thirty-five years of probation and lifetime sex offender registration. The judgment of conviction was affirmed on direct appeal. *State* v. *Jason B.*, supra, 111 Conn. App. 368. The record reveals that, since his direct appeal, the defendant has filed various petitions for a writ of habeas corpus, appeals from judgments denying his petitions, a motion to correct an illegal sentence, an appeal from the denial of that motion, and a request for sentence review.

On February 2, 2016, nearly ten years after the court sentenced the defendant on the underlying charges, the defendant filed a second motion to correct an illegal sentence. In that motion, he claimed that his sentence had been imposed in an illegal manner because the court sentenced him to consecutive, rather than concurrent, terms of imprisonment and did so for improper reasons. He argued that the sentencing court mentioned a charge of kidnapping, which was outside of the record and not something with which he had been charged, and that the court ordered his sentence to run consecutively on that basis. The defendant requested that the trial court grant his motion to correct and order that his sentences run concurrently. The trial court dismissed the defendant's motion for lack of subject matter jurisdiction on the ground that the defendant had not presented a colorable claim that his sentence had been imposed in an illegal manner. This appeal followed.

On appeal, the defendant claims that the court improperly held that it did not have jurisdiction to consider the defendant's motion. He argues that his motion sufficiently alleged that the sentencing court relied on inaccurate information and information that was not

part of the record when it sentenced him to consecutive prison terms, and, therefore, it imposed his sentence in an illegal manner. Specifically, the defendant cites to the sentencing court's statements that the charge of "unlawful restraint . . . was a lesser included offense of kidnapping in the first or second degree, which would expose you to a greater sentence" and that "kidnapping in the first or second degree would have exposed you to a greater period of incarceration . . . ."

The state argues that, although the defendant is correct in stating that a sentencing court's reliance on inaccurate information at sentencing *can form* a proper basis for a motion to correct an illegal sentence, "in this case, the sentencing court's comments to which the defendant points as evidence of the court's reliance on inaccurate and outside the record information, *on their face*, refute his claim." (Emphasis in original.) Therefore, the state argues, "the defendant has failed to raise a colorable claim that his sentence was imposed in an illegal manner, and the trial court properly determined that it did not have jurisdiction to entertain his motion." We agree with the state.

We first set forth our standard of review. Because "the defendant's [claim] pertain[s] to the subject matter jurisdiction of the trial court, [it] . . . present[s] a question of law subject to the plenary standard of review. . . .

"The Superior Court is a constitutional court of general jurisdiction. In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. . . . It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving the sentence. . . . Because it is well established that the jurisdiction of the trial court terminates once a defendant has been sentenced, a trial court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act. . . .

"[Practice Book] § 43-22 embodies a common-law exception that permits the trial court to correct an illegal sentence or other illegal disposition. . . . *Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of § 43-22, the court lacks jurisdiction to entertain it. . . .* [I]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding [itself] . . . must be the subject of the attack." (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Robles*, 169 Conn. App. 127, 131–32, 150 A.3d 687 (2016), cert. denied, 324 Conn. 906, 152 A.3d 544 (2017).

"[A]n illegal sentence is essentially one [that] either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. By contrast . . . [s]entences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way [that] violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . *or his right to be sentenced by a judge relying on accurate information or considerations solely in the record,* or his right that the government keep its plea agreement promises . . . . These definitions are not exhaustive, however, and the parameters of an invalid sentence will evolve . . . as additional rights and procedures affecting sentencing are subsequently recognized under state and federal law." (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Cruz,* 155 Conn. App. 644, 649, 110 A.3d 527 (2015); see *State* v. *Parker,* 295 Conn. 825, 839–40, 922 A.2d 1103 (2010).

Recently, our Supreme Court explained, in addressing the trial court's dismissal on jurisdictional grounds of a motion to correct an illegal sentence that "[t]he subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal. . . . *State* v. *Taylor,* 91 Conn. App. 788, 791, 882 A.2d 682, cert. denied, 276 Conn. 928, 889 A.2d 819 (2005). *At issue is whether the defendant has raised a colorable claim within the scope of Practice Book § 43-22 that would, if the merits of the claim were reached and decided in the defendant's favor, require correction of a sentence.* Id., 793. *In the absence of a colorable claim requiring correction, the trial court has no jurisdiction to modify the sentence.* See id., 793–94." (Emphasis added; internal quotation marks omitted.) *State* v. *Delgado,* 323 Conn. 801, 810, 151 A.3d 345 (2016).

Therefore, as made clear by our Supreme Court in *Delgado,* for the trial court to have jurisdiction over a defendant's motion to correct a sentence that was imposed in an illegal manner, the defendant must put forth a colorable claim that his sentence, in fact, was imposed in an illegal manner. A colorable claim is "[a] claim that is legitimate and that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension or modification of the current law)." Black's Law Dictionary (10th Ed. 2014), p. 302. For jurisdictional purposes, to establish a colorable claim, a party must demonstrate that there is a possibility, rather than a certainty, that a factual basis necessary to establish jurisdiction exists; see *State* v. *Patel,* 174 Conn. App. 298, 310–11,    A.3d    (2017); such as, in the present context, that the sentencing court relied on inaccurate information or considerations that

were outside of the record.

In the present case, the defendant claims that the court improperly dismissed his motion to correct a sentence that was imposed in an illegal manner. He argues that the motion clearly fell within Practice Book § 43-22, in that he properly alleged that the sentencing court violated his right to be sentenced by a judge relying on accurate information or considerations solely in the record. We disagree and conclude that the defendant's motion, on its face, does not fall within the limited circumstances under which the trial court has jurisdiction to correct a sentence imposed in an illegal manner. See *State* v. *Delgado*, supra, 323 Conn. 816 (if defendant fails to allege claim that, if proven, would require resentencing, sentencing court has no jurisdiction to consider motion to correct). In other words, because the court's statements cannot reasonably be viewed as relying on inaccurate facts or facts outside the record, the defendant's claim does not raise even the possibility that the sentencing court relied on inaccurate or extrarecord facts. Thus, his claims fell outside the purview of a sentence imposed in an illegal manner. Accordingly, we conclude that the trial court properly concluded that it did not have subject matter jurisdiction to entertain the motion.

Here, the record establishes that the sentencing court commented on the seriousness of the defendant's actions and the court gave its opinion that the defendant refused to take responsibility for his actions. As set forth previously in this opinion, the sentencing court commented specifically to the defendant that, on the basis of the facts of this case, the unlawful restraint conviction was separate and apart from the sexual assault conviction, that the facts supporting the unlawful restraint conviction demonstrated that it was akin to a lesser included offense to a kidnapping charge, and that, had the defendant been charged with and convicted of kidnapping, he would have received a greater sentence.

Those comments were based *on the facts of the case*, however, not on anything outside the record. Also, given the facts of this case, where the defendant detained the victim in the car for what appeared to be a longer period than necessary to commit the sexual assault, the court's comments were not inaccurate. See *Farmer* v. *Commissioner of Correction*, 165 Conn. App. 455, 459, 139 A.3d 767 ("[A] defendant may be convicted of both kidnapping and another substantive crime if, at any time prior to, during or after the commission of that other crime, the victim is moved or confined in a way that had independent criminal significance, that is, the victim was restrained to an extent exceeding that which was necessary to accomplish or complete the other crime. Whether the movement or confinement of the victim is merely incidental to and necessary for another crime

will depend on the particular facts and circumstances of each case." [Internal quotation marks omitted.]), cert. denied, 323 Conn. 905, 105 A.3d 685 (2016). Accordingly, we agree with the trial court's assessment that the sentencing court merely was using a rhetorical device to try to convey to the defendant the seriousness of his actions and the fact that, had additional charges been brought by the state, based solely on the evidence presented at the defendant's trial, the defendant could have been convicted of more serious offenses[2] and also subject to greater penalties.

Thus, the defendant's allegation that the sentencing court imposed his sentence in an illegal manner by referencing and relying on information that was not in the record simply has no basis in fact. Indeed, a review of the statements to which the defendant specifically cites reveal nothing more than a rhetorical admonition by the sentencing court regarding the facts of the case, the opinion of the judge regarding the seriousness of the defendant's criminal actions, and the defendant's failure to take responsibility for those actions. The defendant did not allege anything that reasonably could be viewed, on its face, as inaccurate or outside of the record. Thus, we agree with the trial court that it was without jurisdiction to consider the defendant's motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] The court, in the alternative, also held that the motion failed on the merits. The defendant claims this, too, was error. We conclude that because the court dismissed the case for want of jurisdiction, it had no authority to also rule on the merits of the motion. See *Fullerton* v. *Administrator, Unemployment Compensation Act*, 280 Conn. 745, 754, 911 A.2d 736 (2006) ("[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction" [internal quotation marks omitted]); *State* v. *Bozelko*, 154 Conn. App. 750, 766, 108 A.3d 262 (2015) ("[o]nce the [trial] court determined that it lacked subject matter jurisdiction, it had no authority to decide the case"). "Once it becomes clear that the trial court lacked subject matter jurisdiction . . . any further discussion of the merits is pure dicta. . . . Lacking jurisdiction, the court should not deliver an advisory opinion on matters entirely beyond [its] power to adjudicate. . . . Such an opinion is not a judgment and is not binding on anyone." (Citations omitted; internal quotation marks omitted.) *Shockley* v. *Okeke*, 92 Conn. App. 76, 85, 882 A.2d 1244 (2005), appeal dismissed, 280 Conn. 777, 912 A.2d 991 (2007). Here, because the Superior Court determined that it lacked jurisdiction, it was improper for the court to address the merits of the motion. Its alternative conclusions in that regard, therefore, are mere dicta, lacking the force and effect of a judgment, and are void.

[2] Following its attempts to explain to the defendant that the facts of his case were serious, the sentencing court then proceeded to sentence the defendant to a permissible term of imprisonment on the specific crimes for which he had been charged and convicted. Then, in accordance with General Statutes § 53a-37, the court ordered those sentences to run consecutively.

General Statutes § 53a-37 provides: "When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undis-

charged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count."