******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

KATHLEEN TELMAN *v.* GARY W. HOYT ET AL.
(AC 41599)

Lavine, Devlin and Harper, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants for, inter alia, fraud, in connection with false representations made during the defendants' sale of certain real property to the plaintiff. After the defendants were defaulted for failure to plead, a hearing in damages was held, after which the trial court awarded the plaintiff damages that included $4000 in attorney's fees. Thereafter, the plaintiff filed a motion to set aside the verdict as to damages and for additur, which the court denied. On appeal to this court, the plaintiff claimed that the court abused its discretion when it denied her motion for additur as to her attorney's fees. *Held* that the trial court did not abuse its discretion in denying the plaintiff's motion for additur as to attorney's fees; our rules of practice provide for a motion for additur in connection with a jury trial, not with respect to a hearing in damages to the court, and having construed the requested additur as a motion for reconsideration, this court concluded that the trial court could have reasonably decided as it did and did not abuse its discretion.

Argued September 18—officially released November 19, 2019

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged fraud, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the action was withdrawn as to the defendant Carol Cangiano et al.; thereafter, the defendant Gary W. Hoyt et al. were defaulted for failure to plead; subsequently, following a hearing in damages, the court, *Hon. Richard E. Burke*, judge trial referee, rendered judgment for the plaintiff; thereafter, the court denied the plaintiff's motion for additur, and the plaintiff appealed to this court; subsequently, the court, *Hon. Richard E. Burke*, judge trial referee, issued an articulation of its decision. *Affirmed.*

*Andrew S. Knott*, with whom, on the brief, was *Robert J. Santoro*, for the appellant (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, Kathleen Telman, appeals from the trial court's judgment denying her motion to set aside the verdict as to damages and for additur. On appeal, the plaintiff claims that the court abused its discretion in denying her motion to "set aside [the] verdict" as to damages and for additur because the court's award of attorney's fees to the plaintiff was so low that it shocks the conscience. We conclude that the trial court did not abuse its discretion in denying the plaintiff's motion for additur as to attorney's fees and, therefore, affirm the judgment.

The following procedural history and facts are relevant to our resolution of this claim. The plaintiff commenced the present action against the defendants, Gary W. Hoyt and Karen A. Hoyt,[1] by way of summons and complaint. The complaint set out nine causes of action that sounded, inter alia, in fraud. The plaintiff alleged that on November 20, 2015, she purchased real property located at 1958 Hartford Turnpike, North Haven (property) from the defendants. In the defendants' residential property condition disclosure report (disclosure), they stated that "[m]onsoon rains may result in slight water in [the] garage"; (internal quotation marks omitted); and that there were no other water drainage problems associated with the property. The plaintiff alleged that the defendants knew that water intrusion occurred in the garage with normal rainfall and also that there were other drainage problems associated with the landscaping on the property. Therefore, the plaintiff alleged that the defendants committed fraud in their sale of the property by making false representations in the disclosure.

The defendants filed appearances in the present case but failed to plead in response to the plaintiff's amended complaint. Accordingly, the plaintiff filed a motion for default pursuant to the defendants' failure to plead, which was granted by the clerk.

On April 24, 2017, the court held a hearing in damages. The defendants did not appear at the hearing and, therefore, the plaintiff's claims were uncontested. The plaintiff presented evidence with respect to the damages she sustained as a result of the defendants' fraud. Her excavation expert testified that it would cost $19,000 to cure the drainage issues associated with the property. The plaintiff also testified that she spent 197 hours landscaping the property before she realized that there were drainage problems that ruined her landscaping efforts. The plaintiff requested $6,402.05 as compensation for her time spent on her ruined landscaping efforts, which was calculated on the basis of the hourly rate she earned from employment.[2] The plaintiff sought punitive damages, including attorney's fees, on the basis of the defendants' fraud. The plaintiff's counsel pre-

sented evidence of $1,462.35 in court costs and $27,480 in attorney's fees.[3]

Soon after the hearing, the court rendered judgment as to damages. The court awarded the plaintiff damages in the total amount of $24,462.35, which included $19,000 in compensatory damages, $1462.35 in taxable costs, and $4000 for attorney's fees. The court also ordered postjudgment interest in the amount of 6 percent per annum. The plaintiff then filed a motion to "set aside [the] verdict" as to damages and for additur pursuant to Practice Book § 16-35.[4] In support of her motion, the plaintiff argued that the court did not properly apply the law to the facts of the case because it failed to consider the plaintiff's lost time and expenses, and the full amount of her attorney's fees. The court denied that motion.

On appeal, the plaintiff claims that the court abused its discretion when it denied her motion for additur as to her attorney's fees. Following oral argument on appeal, pursuant to Practice Book §§ 60-2, 60-5, and 61-10, this court ordered the trial court to file a written articulation of "the factual and legal basis for the award of $4000 in attorney's fees, rather than the amount requested by counsel." The trial court filed an articulation stating that "in light of the facts as presented at the hearing [in damages] and after determining the damages to be awarded, [the court] used its discretion and awarded a percentage of the requested attorney's fees as punitive damages based upon fraud as requested by counsel." The articulation also highlighted that the plaintiff's counsel said at the hearing in damages that he would "take whatever . . . ."[5]

Our rules provide for a motion for additur in connection with a jury trial, not a hearing in damages to the court. See footnote 4 of this opinion. Construing the requested "additur" as a motion for reconsideration,[6] we conclude that the trial court could have reasonably decided as it did and did not abuse its discretion. See *Shore* v. *Haverson Architecture & Design, P.C.*, 92 Conn. App. 469, 479, 886 A.2d 837 (2005) (standard of review regarding challenges to court's ruling on motion for reconsideration is abuse of discretion), cert. denied, 277 Conn. 907, 894 A.2d 988 (2006).

The judgment is affirmed.

[1] Carol Cangiano, Coldwell Banker Real Estate, LLC, Coldwell Banker Residential Real Estate, LLC, NRT LLC, NRT New England, LLC, Realogy Franchise Group, LLC, Realogy Operations, LLC, and CBRE, Inc., were also named as defendants but are not parties to this appeal. Our references in this opinion to the defendants are to Gary W. Hoyt and Karen A. Hoyt.

[2] There is no evidence in the record that the plaintiff was employed as a landscaper.

[3] The plaintiff's counsel represented to the court that his legal fee, memorialized in his engagement letter with the plaintiff, was $300 per hour and that he spent 91.6 hours on the plaintiff's case.

[4] Practice Book § 16-35 is in Chapter 16, which is titled "Jury Trials." There was no jury trial in the present case, as the uncontested hearing in damages was tried to the court.

[5] The following is counsel's complete statement: "So I'll accept whatever

the court thinks is—.”

<sup>6</sup> “It is the substance of a motion . . . that governs its outcome, rather than how it is characterized in the title given to it by the movant.” *State* v. *Taylor*, 91 Conn. App. 788, 792, 882 A.2d 682, cert. denied, 276 Conn. 928, 889 A.2d 819 (2005).

---