******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ANTWON W.*
(AC 38915)

Lavine, Sheldon and Harper, Js.

*Syllabus*

The defendant, who had been convicted of six counts of the crime of sexual
assault in the first degree in violation of statute (§ 53a-70 [a] [1] and
[2]), and of the crimes of sexual assault in the third degree and risk of
injury to a child, appealed to this court from the judgment of the trial
court dismissing his second motion to correct an illegal sentence. He
claimed that the sentencing court improperly relied on inaccurate and
unreliable information in sentencing him on three counts of sexual
assault in the first degree under § 53a-70 (a) (1) because those sentences
were imposed on him before a vacatur, on grounds of double jeopardy,
of his conviction of three parallel counts of and associated concurrent
sentences for sexual assault in the first degree under § 53a-70 (a) (2),
based on the same underlying sexual assaults. Those sentences were
vacated when the trial court granted the defendant's first motion to
correct an illegal sentence. *Held* that the trial court did not abuse its
discretion in denying the defendant's second motion to correct an illegal
sentence, that court having reasonably determined that the sentencing
court did not rely on inaccurate information in sentencing the defendant
on his § 53a-70 (a) (1) charges and, thus, that his sentences on those
charges were not imposed in an illegal manner: the defendant's claim
was belied by the record, which indicated that the court explicitly
imposed the five year mandatory minimum sentence for each of the three
counts under § 53a-70 (a) (1) and clearly considered the defendant's
conviction under the different subdivisions of the sexual assault statute
separately and distinctly, and did not enhance its sentence on the counts
under subdivision (1) based on the defendant's conviction of the charges
under subdivision (2), or the particular conduct on which they were
based, and the vacatur of the defendant's conviction of the charges
under § 53a-70 (a) (2) on the basis of double jeopardy was not based
on insufficient evidence or any factual or legal findings that would have
invalidated the jury's guilty verdict on those charges, nor did the vacatur
of the defendant's conviction of those charges render the information
or statements regarding the facts underlying the jury's guilty verdict on
those charges inaccurate; nevertheless, because the defendant's motion
to correct an illegal sentence raised a claim that fell squarely within the
common-law jurisdiction of the trial court and properly invoked the
court's jurisdiction, the trial court, after properly rejecting the arguments
raised in the motion correct an illegal sentence, should have denied the
motion to correct rather than dismissed it, and, therefore, the form of
the judgment was improper.

Argued November 13, 2017—officially released February 13, 2018

*Procedural History*

Substitute information charging the defendant with
six counts of the crime of sexual assault in the first
degree, and with the crimes of sexual assault in the
third degree and risk of injury to a child, brought to
the Superior Court in the judicial district of Waterbury,
where the matter was tried to the jury before *Cremins*,
*J.*; verdict and judgment of guilty, from which the defen-
dant appealed to this court, which affirmed the judg-
ment of the trial court; thereafter, the court, *Fasano*,
*J.*, granted the defendant's motion to correct an illegal
sentence; subsequently, the court, *Fasano*, *J.*, dismissed
the defendant's motion to correct an illegal sentence,
and the defendant appealed to this court. *Reversed*;

*judgment directed.*

*Peter Tsimbidaros*, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Patrick J. Griffin*, state's attorney, for the appellee (state).

*Opinion*

SHELDON, J. The defendant, Antwon W., appeals from the judgment of the trial court dismissing his second motion to correct an illegal sentence, in which he claimed that the sentencing court improperly relied on inaccurate and unreliable information in sentencing him on three counts of sexual assault in the first degree under General Statutes § 53a-70 (a) (1) because those sentences were imposed upon him before the vacatur, on grounds of double jeopardy, of his three parallel convictions of and associated concurrent sentences for sexual assault in the first degree under § 53a-70 (a) (2) based upon the same underlying sexual assaults. We reject the defendant's claim that the court relied upon inaccurate information in sentencing him, but conclude that the form of the judgment is improper and, therefore, remand this case with direction to deny the defendant's motion to correct an illegal sentence.[1]

On May 17, 2006, the defendant was found guilty of, inter alia, three counts each of sexual assault in the first degree, in violation of § 53a-70 (a) (1) and § 53a-70 (a) (2), in connection with three separate sexual assaults on different dates. Thereafter, following the preparation of a presentence investigation report (PSI), he was sentenced, on the basis of that verdict, as follows: for each violation of § 53a-70 (a) (1), to a mandatory minimum term of five years incarceration followed by five years of special parole, with all three sentences to run consecutively to one another; for each violation of § 53a-70 (a) (2), to a term of five years incarceration followed by five years of special parole, with each such sentence to run concurrently with the sentence imposed for violation of § 53a-70 (a) (1) in connection with the same underlying sexual assaults; for a total effective sentence of fifteen years incarceration, all mandatory, followed by fifteen years of special parole.

On June 22, 2015, the trial court, *Fasano, J.*, granted the defendant's first motion to correct an illegal sentence, concluding that the defendant's convictions and sentences under both § 53a-70 (a) (1) and (2) violated his double jeopardy rights because he was sentenced twice for the same offense. Accordingly, the court ordered that the defendant's convictions of the three counts of sexual assault in the first degree under § 53a-70 (a) (2) be dismissed and that the sentences imposed on those convictions be vacated. As a result of the court's order, the defendant's total effective sentence on his three remaining convictions of sexual assault in the first degree in violation of § 53a-70 (a) (1), of fifteen years incarceration, all mandatory, followed by fifteen years of special parole, remained unchanged.

Thereafter, the defendant filed a second motion to vacate an illegal sentence, asserting that the vacatur of his parallel convictions of and concurrent sentences

for sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) required a finding that the trial court's original sentence was imposed in an illegal manner. The defendant argued that his sentence was illegal because the sentencing court relied upon inaccurate information in sentencing him. Specifically, the defendant claims that the court improperly relied, when it imposed the challenged sentences, upon information concerning the guilty verdicts underlying the three convictions that were subsequently vacated, as related to the court in the PSI and the prosecutor's comments at sentencing. He therefore argues that he "should be allowed a new sentencing hearing and/or be resentenced with accurate information." The court, *Fasano, J.*, dismissed the defendant's second motion to correct on December 9, 2015, reasoning that the original sentencing court did not rely on any of the vacated charges in imposing the defendant's sentence. From that determination, the defendant has filed this appeal.

Practice Book § 43-22 provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

"[A]n illegal sentence is essentially one [that] either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. By contrast . . . [s]entences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way [that] violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . *or his right to be sentenced by a judge relying on accurate information or considerations solely in the record*, or his right that the government keep its plea agreement promises . . . . These definitions are not exhaustive, however, and the parameters of an invalid sentence will evolve . . . as additional rights and procedures affecting sentencing are subsequently recognized under state and federal law." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Jason B.*, 176 Conn. App. 236, 243–44, 170 A.3d 139 (2017).

"[A] claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did. . . .

"[D]ue process precludes a sentencing court from relying on materially untrue or unreliable information

in imposing a sentence. . . . To prevail on such a claim as it relates to a [PSI], [a] defendant [cannot] . . . merely alleg[e] that [his PSI] contained factual inaccuracies or inappropriate information. . . . [He] must show that the information was *materially* inaccurate and that the [sentencing] judge *relied* on that information. . . . A sentencing court demonstrates actual reliance on misinformation when the court gives explicit attention to it, [bases] its sentence at least in part on it, or gives specific consideration to the information before imposing sentence." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Bozelko*, 175 Conn. App. 599, 609–10, 167 A.3d 1128, cert. denied, 327 Conn. 973, 174 A.3d 194 (2017).

On appeal, the defendant reiterates the claim that he made before the trial court, arguing: "It is clear based on the totality of the record that materially inaccurate information was made available to and then used by the trial court in imposing the original sentence in the instant matter. The substance of the information is the three counts which were later vacated and found to be improper. The [PSI] and the prosecution made repeated use of this information which has been deemed to be inappropriate. The motion to correct an illegal sentence court therefore erred in failing to adequately resentence the defendant."

In addressing the defendant's claim that the sentencing court had relied upon his subsequently vacated convictions in imposing his sentence, the court explained: "In this case, there's absolutely no evidence of explicit reliance on the vacated charges. That's the sex one under [§ 53a-70] (a) (2). That's the age and age difference. In fact, the evidence is just the opposite. He gives concurrent time on all the sex one's under [§ 53a-70] (a) (2), which is the age issue. He treats the conduct as three separate assaults rather than six. He gives the mandatory minimum on the [§ 53a-70] (a) (1)s, which is five years, followed by five years of special parole. That's as little as you can get because it has to add up to ten. And he runs those three incidents consecutive. He then makes all the other charges, the [§ 53a-70] (a) (2) charges, the age difference charges, concurrent. And even the state in its own argument asked that you get concurrent time on those second convictions under [§ 53a-70] (a) (2)." On that basis, the court concluded, "there was absolutely no reliance on the vacated charges."

We agree with the court's conclusion that the defendant's claim is belied by the record. Our review of the August 25, 2006 sentencing transcript reveals that the court explicitly imposed the five year mandatory minimum sentence for each of the three counts of sexual assault in the first degree in violation of § 53a-70 (a) (1). The sentencing court clearly considered the convictions under the different subdivisions of the sexual assault

statute separately and distinctly, and did not enhance its sentence on any of the defendant's convictions under § 53a-70 (a) (1) based upon any of his convictions under § 53a-70 (a) (2), or the particular conduct upon which they were based. Moreover, the vacatur of the defendant's convictions for sexual assault in the first degree in violation of § 53a-70 (a) (2) on the basis of double jeopardy was not based upon insufficient evidence to support such convictions or any factual or legal findings that would invalidate the jury's guilty verdicts on those charges. Nor does the vacatur of those convictions render the information contained in the PSI or the statements made by the prosecutor regarding the facts underlying the jury's guilty verdicts on the § 53a-70 (a) (2) charges inaccurate. Therefore, the trial court reasonably determined that the sentencing court did not rely upon inaccurate information in sentencing the defendant on his § 53a-70 (a) (1) charges, and thus that the defendant's sentences on those charges were not imposed in an illegal manner. We conclude, on that basis, that the trial court did not abuse its discretion by denying the defendant's motion to correct an illegal sentence.

We note that the trial court, having properly rejected the arguments raised in the defendant's motion on their merits, technically should have denied rather than dismissed the motion to correct. Only if a defendant fails to state a claim that brings a motion within the purview of Practice Book § 43-22 should a court dismiss the motion for lack of jurisdiction. A claim that the sentencing court relied upon inaccurate information in imposing its sentence falls squarely within the common-law jurisdiction of the Superior Court. *State* v. *Charles F.*, 133 Conn. App. 698, 702–703, 36 A.3d 731, cert. denied, 304 Conn. 929, 42 A.3d 390 (2012). The defendant's motion did not merely raise a collateral attack on the judgment of conviction but, on its face, attacked the manner in which his sentence was imposed, and the court never made a determination that the motion was jurisdictionally defective. Accordingly, the motion properly invoked the court's jurisdiction, and, thus, the form of the judgment is incorrect.

The form of the judgment is improper, the judgment dismissing the defendant's motion to correct an illegal sentence is reversed and the case is remanded with direction to render judgment denying the defendant's motion.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] The defendant also claims that his sentence was illegally enhanced following the vacatur of three of his convictions and sentences by eliminating the earned risk reduction credits that he had earned prior to said vacatur and that the elimination of those credits, which he alleges constituted an increase in the length of his sentence, can be attributed to the vindictiveness

of the court. The defendant did not raise these arguments in his second motion to correct, and the court therefore did not address them, and they thus are not properly before us now. We note, however, that because the five year sentences on each of the incidents of sexual assault were mandatory minimum sentences for those convictions, the defendant was not entitled to reduce his sentences by earned risk reduction credits.

---