******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* ERICK BENNETT
(AC 40395)

Sheldon, Elgo and Shaban, Js.

*Syllabus*

The defendant, who had been convicted of the crime of murder, appealed
from the judgment of the trial court dismissing, for lack of subject matter
jurisdiction, three postjudgment motions he had filed to dismiss the
information under which he was convicted, and dismissing in part and
denying in part his motion to correct an illegal sentence. *Held*:

1. The trial court properly dismissed the defendants' motions to dismiss the
information for lack of subject matter jurisdiction, the defendant having
failed to raise issues in his motions over which the court had jurisdiction
beyond the defendant's sentencing date; the defendant's motion that
challenged the subject matter jurisdiction of the trial court over his
murder prosecution was filed more than four years after his conviction,
and his motions that challenged the alleged use by the state of informa-
tion concerning his trial strategy and the state's alleged failure to disclose
exculpatory information pursuant to *Brady* v. *Maryland* (373 U.S. 83)
did not fall within any of the narrow exceptions to the common-law
rule that a trial court loses jurisdiction over a criminal case after the
defendant has begun to serve his sentence.

2. The trial court did not abuse its discretion by denying the portion of the
defendant's motion to correct an illegal sentence in which he claimed
that he had been sentenced on the basis of materially inaccurate informa-
tion that was contained in a presentence investigation report; the trial
court reasonably determined that the sentencing court did not rely on
inaccurate information in sentencing the defendant and, thus, that the
defendant's sentence was not imposed in an illegal manner, as the
sentencing transcript showed that the sentencing court referred only
to charges that were pending against the defendant, those charges were
listed in the presentence investigation report, and the defendant
requested no changes to the presentence investigation report and raised
no issue as to its accuracy when he was sentenced.

Argued February 6—officially released May 15, 2018

*Procedural History*

Information charging the defendant with the crime
of murder, brought to the Superior Court in the judicial
district of New Haven and tried to the jury before *B.
Fischer, J.*; verdict and judgment of guilty, from which
the defendant appealed to the Supreme Court, which
affirmed the judgment; thereafter, the court, *Clifford,
J.*, rendered judgment dismissing the defendant's
motions to dismiss, and dismissing in part and denying
in part the defendant's motion to correct an illegal sen-
tence, from which the defendant appealed. *Affirmed.*

*Erick Bennett*, self-represented, the appellant
(defendant).

*Lisa A. Riggione*, senior assistant state's attorney,
with whom, on the brief, were *Patrick J. Griffin*, state's
attorney, and *Mary Elizabeth Baran*, former senior
assistant state's attorney, for the appellee (state).

*Opinion*

SHELDON, J. The defendant, Erick Bennett was found guilty by a jury on the charge of murder on June 29, 2011, and was later sentenced on that charge, on August 26, 2011, to a term of fifty years imprisonment. He now appeals from the subsequent judgment of the trial court dismissing three postjudgment motions to dismiss the information on which he was convicted of murder, and dismissing in part and denying in part his contemporaneous motion to correct an illegal sentence in relation to the sentence imposed on him for that offense, which he filed and prosecuted during the pendency of his ultimately unsuccessful direct appeal. *State v. Bennett*, 324 Conn. 744, 155 A.3d 188 (2017). We affirm the judgment of the trial court.

In March, 2016, more than four years after he was sentenced, as aforesaid, for murder, the defendant filed three motions to dismiss the information under which he was convicted of that offense. In his first motion to dismiss, which he titled "Motion Challenging Original Subject Matter Jurisdiction," the defendant alleged that the original trial court lacked subject matter jurisdiction over his murder prosecution because the warrant under which he was arrested was based on evidence seized illegally pursuant to an invalid and illegally executed search and seizure warrant. In his second motion to dismiss, he alleged that the state had violated his right to a fair trial by obtaining without a warrant, and later using against him at trial, detailed information concerning his trial strategy, which its agents had recorded on twenty-two CDs of his telephone conversations with others while he was in jail awaiting trial. In his third motion to dismiss, he alleged that the state had violated his rights to due process and a fair trial under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), by failing to disclose to him or his counsel exculpatory information concerning the arrest of the state medical examiner who had performed the autopsy on the victim in his murder case. On July 6, 2016, the defendant also filed a motion to correct an illegal sentence,[1] which he later amended on July 28, 2016.[2]

The trial court, *Clifford, J.*, heard argument on the foregoing motions, then ruled on them from the bench, on August 4, 2016. Initially addressing the defendant's three motions to dismiss, the court concluded that it lacked jurisdiction over such motions because they did not fall within any of the narrow exceptions to the general common-law rule that a trial court loses jurisdiction over a criminal case after the defendant has begun to serve his sentence therein.[3] Accordingly, it ordered that each such motion be dismissed. Then, addressing the defendant's amended motion to correct an illegal sentence, the court first noted that, although a trial court retains jurisdiction over a criminal case, after the defendant has begun to serve his sentence in

that case, to decide a proper motion to correct, under Practice Book § 43-22, in which the defendant challenges either the legality of his sentence or the legality of the manner in which that sentence was imposed, it has no jurisdiction under that rule to adjudicate any challenge to the legality of the underlying conviction on which the challenged sentence was imposed. To the extent that the motion to correct challenged the legality of the underlying conviction, the court ordered that that motion, like the defendant's three postjudgment motions to dismiss, must also be dismissed. Finally, the court turned to the one claim raised in the defendant's motion to correct over which it found that it had jurisdiction, to wit: that the trial court, in passing sentence on the defendant, had improperly relied on inaccurate information concerning his criminal record. The court rejected that claim on the merits, finding that the defendant had not proved either that materially inaccurate information had been presented to the trial court in relation to his sentencing for murder or that the court had relied on such information in imposing sentence on him. With respect to that final aspect of the defendant's motion to correct, the court ordered that the motion be denied.[4] This appeal followed. Additional facts will be set forth as necessary.

I

The defendant's first claim on appeal is that the trial court erred in dismissing[5] his first postjudgment motion to dismiss challenging the original trial court's subject matter jurisdiction over his murder prosecution. We conclude that the court correctly determined that it lacked jurisdiction over this motion, and thus affirm its judgment dismissing the motion.

"We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *State* v. *Brundage*, 320 Conn. 740, 747, 135 A.3d 697 (2016).

"It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving the sentence . . . . There are a limited number of circumstances in which the legislature has conferred on the trial courts continuing jurisdiction to act on their judgments after the commencement of sentence. . . . See, e.g., General Statutes §§ 53a-29 through 53a-34 (permitting trial court to modify terms of probation after sentence is imposed); General Statutes § 52-270 (granting jurisdiction to trial court to hear petition for a new trial after execution of original sentence has commenced); General Statutes § 53a-39 (allowing trial court to modify sentences of less than three years

provided hearing is held and good cause shown). . . . Without a legislative or constitutional grant of continuing jurisdiction, however, the trial court lacks jurisdiction to modify its judgment." (Internal quotation marks omitted.) *Turner* v. *State*, 172 Conn. App. 352, 366, 160 A.3d 398 (2017).

On appeal, the defendant reiterates the claims he made before the trial court, arguing that a search and seizure warrant issued for his house and vehicle on July 11, 2009, was not executed and evidence obtained on the basis of the warrant (two pieces of screws from a knife, which had blood like substances on them and were found in the defendant's car) was "fraudulently fabricated." He thus alleges that the arrest warrant based on the evidence seized was invalid and the jurisdiction of the original trial court was "infect[ed] . . . ." In his appeal, the defendant additionally claims that his conviction was not final and his docket number was still open pursuant to Practice Book § 62-4.[6] He argues that because a challenge to a court's original subject matter jurisdiction can be raised at any time, citing to Practice Book § 10-33, and the power of a court to vacate a judgment due to fraud is "inherent and independent of statutory provisions authorizing the opening of judgment[s]," citing to *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 131, 429 A.2d 837 (1980), the trial court did have jurisdiction to review his motion to dismiss and abused its discretion by dismissing the motion.[7] We are not persuaded.

Following his conviction, the defendant was sentenced in August, 2011. His motion does not raise an issue over which the trial court has jurisdiction beyond his sentencing date, and therefore, the trial court properly dismissed his motion.

## II

The defendant's second claim on appeal is that the trial court erred in dismissing his second postjudgment motion to dismiss for alleged "failure to disclose, and theft of [his] trial strategy." As set forth in part I of this opinion, because the defendant's motion challenges the legality of his underlying conviction without falling within any of the narrow exceptions to the general common-law rule that a trial court loses jurisdiction over a criminal case after the defendant has begun to serve his sentence therein, the court properly dismissed the motion for lack of jurisdiction.

## III

The defendant's third claim on appeal is that the trial court erred in dismissing his third postjudgment motion to dismiss for failure to disclose *Brady*[8] materials. As set forth in part I of this opinion, because the defendant's motion challenges the legality of his underlying conviction without falling within any of the narrow exceptions to the general common-law rule that a trial court loses

jurisdiction over a criminal case after the defendant has begun to serve his sentence therein, the court properly dismissed the motion for lack of jurisdiction.

## IV

The defendant's fourth and final claim on appeal is that the court erred in denying his motion to correct an illegal sentence.[9]

Practice Book § 43-22 provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

"[A]n illegal sentence is essentially one [that] either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. By contrast . . . [s]entences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way [that] violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . *or his right to be sentenced by a judge relying on accurate information or considerations solely in the record*, or his right that the government keep its plea agreement promises . . . . These definitions are not exhaustive, however, and the parameters of an invalid sentence will evolve . . . as additional rights and procedures affecting sentencing are subsequently recognized under state and federal law. . . .

"[A] claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did. . . .

"[D]ue process precludes a sentencing court from relying on materially untrue or unreliable information in imposing a sentence. . . . To prevail on such a claim as it relates to a [presentence investigation report (report)], [a] defendant [cannot] . . . merely alleg[e] that [his report] contained factual inaccuracies or inappropriate information. . . . [He] must show that the information was *materially* inaccurate and that the [sentencing] judge *relied* on that information. . . . A sentencing court demonstrates actual reliance on misinformation when the court gives explicit attention to it, [bases] its sentence at least in part on it, or gives specific consideration to the information before imposing sentence." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Antwon W.*, 179 Conn. App. 668, 672–73,     A.3d    , cert. denied, 328

Conn. 924, A.3d (2018).

On appeal, the defendant reiterates the claim that he made before the trial court, arguing: "[U]pon commencing the sentence upon the defendant, the trial judge relied on vital inaccurate information in the presentence report . . . because the trial judge took into consideration a pending case of the defendant . . . which was interfering/and [carrying] a firearm while under the influence, which is a misdemeanor, but . . . the presentence . . . report that he considered said that the defendant had a pending case that consist[s] of interfering/resisting arrest and illegal use of a firearm while under the influence, which is a felony. . . . Thus, violating the [defendant's] right to be sentence[d] by a judge relying on accurate information . . . ."[10] (Citations omitted.)

The trial court acknowledged that it had jurisdiction over the defendant's motion to correct an illegal sentence on the basis of his claim that he had been sentenced on the basis of materially inaccurate information. The court denied the motion because it found that the defendant failed to satisfy his burden of proving that the information was inaccurate or that the sentencing judge gave the allegedly inaccurate information explicit attention and that it affected the defendant's sentence.

We agree with the court's conclusion that the defendant's claim is belied by the record. Our review of the August 26, 2011 sentencing transcript reveals that the court explicitly referenced only the defendant's pending charges for interfering with a police officer and illegal use of a firearm, and in fact that the court gave the defendant a degree of credit in sentencing because of his lack of a criminal record.[11] Moreover, our review of the report reveals that the defendant's pending charges were listed as violations of General Statutes §§ 53a-167a and 53-206d (a).[12]

Last, we note that at the time of sentencing before the original trial court, when the defendant was asked if he wanted to make any changes to the report after having had an opportunity to review it with his trial counsel, he requested no changes and otherwise raised no issue as to the accuracy of the report.[13] Therefore, the trial court reasonably determined that the sentencing court did not rely on inaccurate information in sentencing the defendant, and thus that the defendant's sentence was not imposed in an illegal manner. We conclude, on that basis, that the trial court did not abuse its discretion by denying that limited portion of the defendant's motion to correct an illegal sentence over which it had subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant alleged multiple grounds for the illegality of his sentence,

including that the sentencing court relied on inaccurate information because the charging document, which was incorporated into the presentence investigation report (report), was based on a search warrant that was not properly executed; that the sentencing court considered inaccurate information in the report in the matter of two witnesses, Jennifer Matias and Christopher Benjamin; that the state's failure to disclose the twenty-two CDs was structural error because he was not able to use the information to argue in mitigation of his punishment; that the sentencing court's impartiality was called into question after the judge listened to the content of the twenty-two CDs, some part of which included comments about the judge; that the state's failure to disclose the arrest of the state medical examiner was structural error because he was not able to use the information to argue in mitigation of punishment; and that the sentencing court considered and relied on inaccurate information in the report, in particular, a pending felony charge.

[2] In the amendment, the defendant alleged that the trial court and the prosecutor had never sworn an oath of office, which omission he claimed constituted structural error, and rendered the sentence void and divested the court of jurisdiction.

[3] Regarding the defendant's first motion, the court stated: "[T]he law in Connecticut is that once the court sentences someone, which Judge Fischer did . . . the trial court loses jurisdiction. We've now turned you over to the Department of Correction or, Judge Fischer did. . . . And the law is that the only way we can have further jurisdiction is if it's been conferred by the legislature or by our Practice Book . . . . But without a legislative or constitutional grant of jurisdiction, the court lacks it, except in the area of a motion to correct an illegal sentence under certain grounds. But that's not what's being claimed. This is a separate motion . . . challenging original subject matter jurisdiction. Issues about arrest warrants being based on a search warrant that's not valid or fourth amendment and due process, this court has, you know—a motion to correct an illegal sentence is geared toward the, you know, toward the sentence and not even how you were convicted. There are other remedies for that. Direct appeals, potential habeas, et cetera. So, I'm—I have no jurisdiction, actually, to rule on your motion challenging the original subject matter jurisdiction."

Regarding the defendant's second and third motions, the court stated: "Now, you have two motions to dismiss, which, I'm just warning you, I'm going to have a similar problem . . . 'cause one concerns suppressing the arrest . . . of the medical examiner because of some procedures they weren't following, and the other was about the recorded phone calls from [the Department of Correction]. And I'm going to have issues once again with me deciding a motion to dismiss, and I'm not—I don't believe I have jurisdiction on those, either, but I will hear you.

* * *

"I don't have a criminal case really pending here. So, I am dismissing your motions to dismiss because this court does not have jurisdiction."

[4] The following colloquy occurred:

"The Court: "Now—so, I will—what I see in the motion to correct an illegal sentence—you have a number of claims, and I will—well, and I will say, basically, that—that certainly due process precludes a sentencing court [from] relying on materially untrue or unreliable information in imposing a sentence, and the issue on whether the court relied on inaccurate information is, first of all, was there inaccurate information and did the court give explicit attention to it that its sentence was at least based in part on or give specific consideration to it. Now, you make a lot of claims. Okay.

"The Defendant: Yes, sir.

"The Court: That I guess you're going to address. I know, one, you indicate that the sentence is void ab initio. You talk about something about the recorded phone calls again, that you were never declared a hostile witness, but you were threatened by the judge. When you get into inaccurate information, you start talking about the court not taking into consideration information that the crime lab didn't—or the lab didn't follow proper methods. I think there's things you claim in the presentence report that the court said something about you having a knife with a four inch serrated blade, but you indicate no knife was found and the [state medical examiner] could not say how long the—the blade was. That the sentencing court mentioned something about you could have walked away from this incident and gone back home, but you said your home was across town. So, the only thing to me that may bring in—may bring in the jurisdiction of the court are your claims that the court may have relied on inaccurate information, but for

that, you must prove to me that there was information that was inaccurate, that it was material, and that the court relied upon it."

[5] In his brief, the defendant refers to the dismissals of his motions to dismiss as denials of the motions. We will refer to motions the court dismissed as dismissals.

[6] Practice Book § 62-4 provides: "A case that has been appealed shall remain on the docket of the court where it was tried until the appeal is decided or terminated."

[7] The defendant also requests review pursuant to the plain error rule. See Practice Book § 60-5. Because this request is inadequately briefed, we decline to review it.

[8] See *Brady* v. *Maryland,* supra, 373 U.S. 83.

[9] The trial court found that all but one of the defendant's alleged grounds for his motion merely attacked the defendant's conviction; see footnote 1 of this opinion; and did not prove that the sentencing court had relied on inaccurate information or that the information was material in the defendant's sentencing. Therefore, the court dismissed those portions of the defendant's motion to correct an illegal sentence because it did not have jurisdiction over those claims. For the reasons stated previously in this opinion, we affirm the trial court's dismissal of the defendant's motion to correct an illegal sentence on that basis.

[10] At the hearing before Judge Clifford, the following colloquy occurred:

"The Defendant: . . . Thus, this inaccurate information . . . that was taken into account is untrue because the defendant has never been charged with illegal use of a firearm, which is a class D felony, which indicates General Statutes § 53a-216, which states in relevant part, a person is guilty of criminal use of a firearm or electric—or electronic defense weapon when he commits any class A, B or C unclassified felony as defined in [General Statutes §] 53a-25 and in the commission of such felony—

"The Court: I need to ask you a question.

"The Defendant: Yes, sir.

"The Court: The presentence report showed you had the pending charge. What did it—how did it read in the presentence report?

"The Defendant: That's how it read. It read in the presentence report that I was—

"The Court: What did it read as the pending case?

"The Defendant: That's what it read.

"The Court: Well—

"The Defendant: As a pending case, it read that I was arrested for interfering with police, resisting arrest and illegal use of a firearm."

[11] The relevant portion of the transcript reveals the following comments by Judge Fischer: "To your credit, you've had no substance abuse history and also to your credit your criminal record consists of just two pending matters initiated out of the same incident. One's interfering with a police officer and one's illegal use of a firearm. And, Mr. Bennett, I will give you a degree of credit for lack of your criminal record when I impose the sentence."

[12] General Statutes § 53-206d (a) provides: "(1) No person shall carry a pistol, revolver, machine gun, shotgun, rifle or other firearm, which is loaded and from which a shot may be discharged, upon his person (A) while under the influence of intoxicating liquor or any drug, or both, or (B) while the ratio of alcohol in the blood of such person is eight-hundredths of one per cent or more of alcohol, by weight.

"(2) Any person who violates any provision of this subsection shall be guilty of a class B misdemeanor."

[13] The relevant portion of the transcript at sentencing reflects the following colloquy between the court and defense counsel:

"The Court: Thank you. I'll ask Attorney [Joseph A.] Jaumann and Attorney [John C.] Drapp, gentlemen, have you had a chance to review the presentence investigation yourselves?

"Mr. Jaumann: Yes, Your Honor.

"The Court: Did you have a chance to review it with [the defendant]?

"Mr. Jaumann: Yes, Your Honor.

"The Court: Any changes to the presentence investigation?

"Mr. Jaumann: No, Your Honor.

"The Court: Again, [the defendant] has had a chance to review it; is that correct?

"Mr. Jaumann: That's correct."