# STATE OF CONNECTICUT *v.* CHAD PETITPAS
## (SC 18076)

Rogers, C. J., and Norcott, Katz, Palmer, McLachlan and Eveleigh, Js.

Argued September 7—officially released November 23, 2010

100

*Deborah G. Stevenson,* special public defender, for the appellant (defendant).

*Nancy L. Chupak,* senior assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Catherine Brannelly Austin,* senior assistant state's attorney, for the appellee (state).

*Opinion*

ROGERS, C. J. The defendant, Chad Petitpas, appeals directly[1] from the judgments of the trial court, rendered after a jury trial, convicting him of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1),[2] two counts of sexual assault in the second degree in violation of General Statutes (Rev. to 2005) § 53a-71 (a) (1), and one count each of sexual assault in the fourth degree in violation of General Stat-

---

[1] The defendant appeals directly to this court from the judgments of the trial court pursuant to General Statutes § 51-199 (b) (3).

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

utes § 53a-73a (a) (2), unlawful restraint in the second degree in violation of General Statutes § 53a-96 (a), risk of injury to a child in violation of General Statutes § 53-21 (a) (1), risk of injury to a child in violation of § 53-21 (a) (2), larceny in the third degree in violation of General Statutes (Rev. to 2005) § 53a-124 (a) (1), and mutilation or removal of a vehicle identification, factory or engine number in violation of General Statutes § 14-149 (a). On appeal, the defendant claims that the trial court improperly: (1) granted the state's motion to amend the substitute information; (2) granted the state's motion to amend the jury instructions; and (3) denied the defendant's motion for acquittal based on insufficient evidence of sexual assault in the first degree. The defendant also claims that the prosecutor engaged in impropriety during closing argument, thereby depriving him of a fair trial. We affirm the judgments of the trial court.

The record reveals the following relevant facts, which the jury reasonably could have found, and procedural history. In August, 2006, the fifteen year old victim[3] lived with her mother, her mother's boyfriend, her brother and the defendant. One day in October, 2006, after the defendant had moved out of the victim's residence, he visited the victim at her residence and forced her to engage in oral and vaginal intercourse. Approximately one month later, the victim reported the incident to her school psychologist, which led to a police investigation. During the investigation, the police discovered at the defendant's residence a stolen motorcycle that had its vehicle identification number removed.

The defendant was arrested and charged with ten counts in three separate informations that were later

---

[3] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

consolidated for trial in a single substitute information. A jury trial began on July 9, 2007. The following day, the state rested its case, and the defendant moved for acquittal on the ground that the state had failed to prove the charges beyond a reasonable doubt, which the trial court denied. Although the trial court, in addressing the sexual assault charges during argument on the motion, characterized the evidence of "fear of physical injury"; see General Statutes § 53a-70 (a) (1); as "thin," the court concluded that there was sufficient evidence on the issue of "compulsion" and "fear" to submit the case to the jury. On July 11, 2007, with the trial court's permission, the state filed an amended substitute information. At the conclusion of the trial, the jury returned a guilty verdict on all ten counts, and the trial court rendered judgments in accordance with the verdict.[4] This direct appeal followed.

The defendant first claims that the trial court improperly granted the state's motion to amend the substitute information. Specifically, the defendant contends that the state failed to show good cause for its amendment of the substitute information, which prejudiced him. We disagree. The record reveals the following additional facts and procedural history. In the original substitute information, counts one and two, which alleged sexual assault in the first degree, each charged that the defendant had compelled "another person, to wit: [the victim] to engage in sexual intercourse . . . by the use of force against such other person, or by the threat of the use of force against such other person which reasonably causes such person to fear physical injury to such person." On July 11, 2007, over the defendant's objections, the trial court allowed the state to file an amended substitute information that included the same ten counts against the defendant, except that it removed

---

[4] The trial court sentenced the defendant to a total effective sentence of nineteen years imprisonment, followed by twenty years of special parole.

from counts one and two the language referring to "the threat or use of force against such other person which reasonably causes such person to fear physical injury to such person." The effect of this amendment was to limit the state to proving the charges of sexual assault in the first degree by establishing the use of force only.[5]

Pursuant to Practice Book § 36-18, the state "for good cause shown . . . may . . . amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced." Section 36-18 "is primarily a notice provision" and "the decisive question is whether the defendant was informed of the charges with sufficient precision to be able to prepare an adequate defense." *State* v. *Tanzella*, 226 Conn. 601, 608, 628 A.2d 973 (1993). "[O]ur review of the trial court's decision to permit an amendment to the information is one of abuse of discretion." (Internal quotation marks omitted.) *State* v. *Carbone*, 116 Conn. App. 801, 806, 977 A.2d 694, cert. denied, 294 Conn. 904, 982 A.2d 647 (2009).

In the present case, by amending the information, the state *eliminated* one possible method by which the jury could have found the defendant guilty of sexual assault in the first degree. Because we are unable to perceive how the defendant could have been prejudiced

---

[5] To the extent that the defendant claims that his motion for acquittal "alerted the state to a defect in its case," and that the state, "[b]y amending the information to preclude the defendant's ability to argue the reasonableness of [the victim's] fear," prejudiced the defendant "in that he was precluded from putting on a defense," we conclude that his argument is without merit. As we discuss later in this opinion, the alleged unreasonableness of the victim's fear was not a defense to the state's claim that the defendant had compelled the victim to engage in sexual intercourse by the actual use of physical force, which was the only charge that ultimately was submitted to the jury. Accordingly, the defendant, contrary to his claim, was not "precluded . . . from being able to prove reasonable doubt that the state met its burden of proof as to a key element of the crime . . . ."

by an amendment that deprived the state of a means of proving the offense, we conclude that the trial court did not abuse its discretion by allowing the state to amend the substitute information.[6]

The defendant next claims that the trial court improperly granted the state's motion to amend the jury instructions to remove: (1) any reference to the commission of sexual assault by the "threat of use of force"; and (2) the consideration of the reasonableness of a victim's fear.[7] Specifically, the defendant argues that "the reasonableness of a victim's fear . . . directly was relevant to the key element of force," and that "the [amended] jury charge . . . was so harmful as to either affect the result of the trial, or to undermine confidence in the fairness of the verdict." We disagree.

"Our analysis begins with a well established standard of review. When reviewing the challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will

---

[6] We decline in this case the state's invitation to revisit *State* v. *Tanzella*, supra, 226 Conn. 614, in which we held that the state "shoulders the burden of establishing that 'no substantive rights of the defendant would be prejudiced' " when it seeks to amend the information after trial has commenced, and must therefore show: "(1) good cause for the amendment; (2) that no additional or different offense is charged; and (3) that no substantive right of the defendant will be prejudiced."

[7] The defendant objected to the state's motion to amend the jury instructions before and after the instructions were read to the jury, and his claim is therefore preserved for review.

not view the instructions as improper." (Internal quotation marks omitted.) *State* v. *Arroyo*, 292 Conn. 558, 566, 973 A.2d 1254 (2009), cert. denied, 559 U.S. 911, 130 S. Ct. 1296, 175 L. Ed. 2d 1086 (2010). Because, under the amended substitute information, the state could prove that the defendant had committed sexual assault in the first degree only by establishing the actual use of force, we conclude that the trial court properly granted the state's motion to amend the jury instructions to remove references to the threat of the use of force and the reasonableness of the victim's fear, which was relevant only to the issue of threat. The defendant has provided no authority for the proposition that the state must establish that the victim was afraid or that her fear was reasonable in order to prove the actual use of force.

The defendant next claims that the trial court improperly denied the defendant's motion for a judgment of acquittal on the charges of sexual assault in the first degree because the state failed to present sufficient evidence "upon which the jury could reasonably have concluded that the defendant used force to compel [the victim] to submit to sexual intercourse . . . ." We disagree. The following additional facts, which the jury reasonably could have found by crediting the victim's testimony, are relevant to the resolution of this claim. On the day in question, the defendant entered the fifteen year old victim's bedroom, where she was on her bed talking on the telephone to her friend. The defendant began rubbing the victim's leg and, after she ended her telephone call, asked her to engage in sex. The victim declined. The defendant then removed the victim's pajama pants and said "he wanted to see how [she] felt, and if [she] was good at it." The victim responded by saying she "didn't want to do it." The defendant then spread the victim's legs apart and engaged in oral sex with her. The victim "tried to close [her] legs," but the defendant "was just pulling [them] open." After

engaging in oral sex, the defendant then lay on top of the victim and engaged in vaginal intercourse with her. After he was done, the defendant told the victim that what had just happened would be their "little secret."

"On appeal . . . [w]e ask . . . whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." (Internal quotation marks omitted.) *State* v. *Sargeant*, 288 Conn. 673, 679, 954 A.2d 839 (2008). Construing the foregoing facts in the light most favorable to the state, we conclude that the jury "reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt" with respect to the charges of sexual assault in the first degree. (Internal quotation marks omitted.) Id.

Finally, the defendant claims that the prosecutor engaged in prosecutorial impropriety, depriving him of a fair trial. Specifically, the defendant argues that the "prosecutor improperly misstated facts, introduced facts not in evidence, expressed personal opinion, and bolstered the credibility of a state's witness during closing argument." We disagree.

We have reviewed all of the challenged statements and, after analyzing whether impropriety "occurred in the first instance," and whether that impropriety "deprived a defendant of his due process right to a fair trial"; (internal quotation marks omitted) *State* v. *Angel T.*, 292 Conn. 262, 275, 973 A.2d 1207 (2009); we conclude that the defendant's claims lack merit, with the exception of the prosecutor's comment to the jury during closing argument that the victim was "telling [them] the truth." Although we acknowledge that this comment was improper, we conclude that the impropriety did not violate the defendant's due process right to a fair trial. See *State* v. *Thompson*, 266 Conn. 440, 467–69, 478, 832 A.2d 626 (2003).

The judgments are affirmed.

In this opinion the other justices concurred.