******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* KENNETH RODRIGUEZ
(AC 35740)

DiPentima, C. J., and Gruendel and Lavine, Js.

*Summarily decided April 30—officially released June 17, 2014*

(Appeal from Superior Court, judicial district of
Windham, geographical area number eleven, A.
Santos, J.)

*Christopher Duby* and *Freesia Singngam*, assigned
counsel, filed a brief for the appellant (defendant).

*Patricia M. Froehlich*, state's attorney, *Andrew J.
Slitt*, assistant state's attorney, and *Brett R. Aiello*, spe-
cial deputy assistant state's attorney, filed a brief for
the appellee (state).

*Opinion*

PER CURIAM. The defendant, Kenneth Rodriguez, appeals from the judgment of conviction, rendered after a jury trial, of possession of a controlled substance in violation of General Statutes § 21a-279 (c) and operating a motor vehicle with a suspended license in violation of General Statutes § 14-215a. Presently before this court is the defendant's "motion for an immediate remand and judgment of dismissal" of the latter offense. In their respective appellate briefs, the parties essentially stipulate that the conviction for violating § 14-215a cannot stand. We agree and, therefore, grant the defendant's motion and reverse the judgment of the trial court only with respect to that offense.

The relevant facts are undisputed. On the morning of January 13, 2009, the defendant operated a motor vehicle through a busy intersection in Willimantic. At that time, his license was under suspension by the Department of Motor Vehicles (department). When Officer Matthew Solak of the Willimantic Police Department saw the defendant fail to grant the right-of-way to another vehicle, he stopped the defendant's vehicle. The defendant subsequently was arrested and charged, by substitute information, with one count of operating a motor vehicle after the expiration of a period of suspension without obtaining reinstatement of his motor vehicle operator's license in violation of General Statutes § 14-215b and one count of possession of a controlled substance in violation of § 21a-279 (c).[1]

A jury trial followed, at which the state introduced, inter alia, evidence regarding the defendant's driving history. Brian Clarke, a department official, testified that the defendant's license was suspended indefinitely at the time of his arrest. When the state rested its case-in-chief, defense counsel moved for a judgment of acquittal on the charge of operating a motor vehicle in violation of § 14-215b. He argued in relevant part that "§ 14-215b says any person whose motor vehicle operator's license has been suspended who operates a motor vehicle after the expiration of such period of suspension without obtaining reinstatement. Well, [the defendant's] suspension was indefinite, which means there wasn't a particular time at which his period of suspension was technically up and that he could send in the [fee] and be reinstated." Defense counsel further maintained that the state could have charged the defendant with violating § 14-215a, but did not do so, stating: "The charging document indicates that [the defendant] is being charged with [a] violation of [§] 14-215b, when in fact I believe that he should have been charged under [§] 14-215a." Defense counsel then noted that, whereas § 14-215a forbids the operation of a motor vehicle during a period of suspension, § 14-215b pertains to the operation of a motor vehicle after a period of suspension has concluded.[2] Because the defendant's period of

suspension had not yet concluded at the time of his January 13, 2009 arrest, defense counsel argued that he could not be convicted under § 14-215b, opining that "it's clear to me . . . that [the defendant] should have been charged under § 14-215a." The court agreed, noting that it "is relying upon the . . . evidence which was brought by the motor vehicle inspector, Mr. Clarke . . . which indicates that [the defendant's license] was suspended indefinitely. And again, it does not appear that § 14-215b applies to the case that was presented by the state." Accordingly, the court rendered a judgment of acquittal on the charge of violating § 14-215b.

The next day, the state filed a motion to amend the information, in which it sought to charge the defendant with violating § 14-215a. The defendant objected to that request, emphasizing that the state already had rested its case-in-chief and arguing that "it's improper to allow the state, after its case is concluded, to all of a sudden get back in the game as it were by discovering that a mistake was made, that the state charged him with the wrong section of the statutes." The court nevertheless granted the motion to amend and the jury thereafter convicted the defendant of violating both §§ 14-215a and 21a-279 (c). The court rendered judgment in accordance with that verdict, and this appeal followed.

On appeal, the defendant contends that the court abused its discretion in permitting the state to amend its information to charge him under § 14-215a. He therefore asks this court to reverse the judgment of conviction with respect to that offense and to remand the matter to the trial court with direction to vacate that conviction. In its appellate brief, the state agrees with the defendant, conceding "that it was an abuse of discretion for the court to grant the state's motion to amend the information after the defendant was successful in his motion for a judgment of acquittal." The state thus "asks this court to reverse the defendant's judgment of conviction only with respect to § 14-215a."

The propriety of a trial court's decision permitting the state to amend an information generally is governed by the abuse of discretion standard of review. *State* v. *Petitpas*, 299 Conn. 99, 103, 6 A.3d 1159 (2010). In *State* v. *Allen*, 205 Conn. 370, 533 A.2d 559 (1987), our Supreme Court confronted a case in which the defendant alerted the state to a specific evidential deficiency in its case-in-chief via a motion for a judgment of acquittal, and the state thereafter moved to reopen its case-in-chief in order to rectify that deficiency. The trial court granted that motion over the defendant's objection, thereby permitting the state to fill the evidentiary gap in its case. Id., 373–74.

On appeal, our Supreme Court recognized the "wide discretion enjoyed by the trial court to permit the reopening of a case after either side has rested." Id., 380. It nevertheless observed that the "precise facts

and procedural posture of this case are significantly different." Id., 380–81. Expounding on that distinction, the court noted that the state in that case "conceded that the evidence presented in its case-in-chief was insufficient" and that the state "offered new evidence on reopening and did not merely offer cumulative evidence or clarify previous testimony." Id., 383. The court also distinguished its earlier decision in *State* v. *Watson*, 165 Conn. 577, 345 A.2d 532 (1973), cert. denied, 416 U.S. 960, 94 S. Ct. 1977, 40 L. Ed. 2d 311 (1974), by explaining that the defendant in *Watson* "did not file a motion for judgment of acquittal and thus the defendant was not the one responsible for pointing out the potential evidentiary gap in the state's case." *State* v. *Allen*, supra, 205 Conn. 382. The court further emphasized that "the government's case-in-chief should not be treated as an experiment that can be cured after the defendant has, by motion, identified the failures." (Internal quotation marks omitted.) Id., 380. Accordingly, the court reasoned that "allowing the state to reopen its case-in-chief after the defendant has identified its shortcomings was fundamentally unfair to the defendant and an abuse of the trial court's discretion." Id., 383–84. Our Supreme Court thus held that "when the state has failed to make out a prima facie case because insufficient evidence has been introduced concerning an essential element of a crime and the defendant has specifically identified this evidentiary gap in a motion for judgment of acquittal, it is an abuse of the trial court's discretion to permit a reopening of the case to supply the missing evidence." Id., 385.

We agree with the parties that *Allen* is controlling in the present case. As in *Allen*, the state here concedes that the evidence presented in its case-in-chief was insufficient. The state also candidly acknowledges that "[b]ecause the only reason the state moved to amend the information was the defendant's success in pointing out that the state did not meet its burden of proof, the defendant essentially aided in his own prosecution. . . . [P]ermitting an amendment under these circumstances was error for the same reasons [as] in *Allen*." Application of that precedent compels reversal of the defendant's conviction under § 14-215a. We therefore grant the defendant's motion and reverse the judgment of the trial court only with respect to his conviction under § 14-215a.

The judgment of conviction of operating a motor vehicle with a suspended license in violation of General Statutes § 14-215a is reversed and the case is remanded with direction to render judgment of not guilty on that charge.

[1] In this appeal, the defendant does not contest in any manner his conviction for possessing a controlled substance in violation of § 21a-279 (c).

[2] General Statutes § 14-215a provides in relevant part that "[n]o person whose operator's license or right to operate a motor vehicle in this state has been suspended . . . shall operate any motor vehicle during the period of such suspension. . . ."

General Statutes § 14-215b provides in relevant part: "Any person whose motor vehicle operator's license has been suspended who operates a motor vehicle after the expiration of such period of suspension without obtaining the reinstatement of such license shall (1) during the first sixty days after such expiration, be deemed to have failed to renew such license and be subject to the penalty for failure to renew a motor vehicle operator's license . . . and (2) after said sixty-day period, be subject to the penalty for operating a motor vehicle without a license . . . ."

———————————————