******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## STATE OF CONNECTICUT *v.* CHAD PETITPAS
### (AC 40254)

Elgo, Bright and Mihalakos, Js.

*Syllabus*

The defendant, who had been convicted of, among other crimes, sexual assault in the first degree, sexual assault in the second degree, sexual assault in the fourth degree, unlawful restraint in the second degree, and risk of injury to a child, and who was sentenced to a total effective term of nineteen years imprisonment followed by twenty years of special parole, appealed to this court from the trial court's denial of his motion to correct an illegal sentence. Shortly before imposing the defendant's sentence, the sentencing court incorrectly stated the defendant's age and information related to his criminal history on the record. On appeal to this court, the defendant claimed that the trial court had abused its discretion in denying his motion to correct because the sentencing court materially relied on inaccurate information related to his age and criminal history in imposing his sentence. *Held* that the defendant's sentence was not imposed in an illegal manner, as the defendant failed to meet his burden of proving that the inaccurate statements made by the sentencing court were material to the sentence imposed, and, accordingly, the trial court did not abuse its discretion in denying the defendant's motion to correct an illegal sentence: a material factor in sentencing the defendant was not the defendant's exact age but, rather, that he was older than the child victim and a fully mentally and physically developed adult male involved in the sexual assault of a child; moreover, although the sentencing court's reference to the specific term of probation for the defendant's prior conviction was incorrect, that court properly relied on the state's accurate recitation of the defendant's prior convictions and the presentence investigation report, both of which correctly provided the defendant's prior convictions and sentences he received, and the material factor for sentencing was the serious nature of the sentences for the defendant's prior convictions and his extensive criminal history rather than the specific term of probation imposed for one of those prior convictions.

Argued May 21—officially released July 17, 2018

*Procedural History*

Informations, in three cases, charging the defendant with two counts each of sexual assault in the first degree, sexual assault in the second degree and risk of injury to a child, and with one count each of unlawful restraint in the second degree, sexual assault in the fourth degree, mutilation or removal of a motor vehicle identification number, and larceny in the third degree, brought to the Superior Court in the judicial district of Waterbury, where the cases were consolidated and tried to the jury before *Levin, J.*; verdict and judgment of guilty in each case; thereafter, the defendant appealed to the Supreme Court, which affirmed the judgments; subsequently, the court, *Fasano, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed.*

*W. Theodore Koch III*, assigned counsel, for the appellant (defendant).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Catherine Brannelly Austin*, supervisory

assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Chad Petitpas, appeals from the judgment of the trial court denying his motion to correct an illegal sentence under Practice Book § 43-22. On appeal, the defendant claims that the sentencing court materially relied on inaccurate information pertaining to his age and criminal record. We disagree and, accordingly, affirm the judgment of the trial court.

The defendant's conviction was the subject of a direct appeal before our Supreme Court. See *State* v. *Petitpas*, 299 Conn. 99, 6 A.3d 1159 (2010). In affirming the defendant's conviction, our Supreme Court concluded that the jury reasonably could have found the following facts: "In August, 2006, the fifteen year old victim[1] lived with her mother, her mother's boyfriend, her brother and the defendant. One day in October, 2006, after the defendant had moved out of the victim's residence, he visited the victim at her residence and forced her to engage in oral and vaginal intercourse. Approximately one month later, the victim reported the incident to her school psychologist, which led to a police investigation. During the investigation, the police discovered at the defendant's residence a stolen motorcycle that had its vehicle identification number removed. The defendant was arrested and charged with ten counts in three separate informations that were later consolidated for trial . . . ." (Footnote in original.) Id., 101–102.

Following a jury trial in July, 2007, the defendant was convicted of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), two counts of sexual assault in the second degree in violation of General Statutes (Rev. to 2005) § 53a-71 (a) (1), and one count each of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (2), unlawful restraint in the second degree in violation of General Statutes § 53a-96 (a), risk of injury to a child in violation of General Statutes § 53-21 (a) (1), and risk of injury to a child in violation of § 53-21 (a) (2).[2] Id., 100–101.

Prior to sentencing, the court ordered the preparation of a presentence investigation report (PSI) by the Office of Adult Probation. The report contained the defendant's correct birth date, July 9, 1979, but incorrectly listed his age as thirty-eight rather than twenty-eight. Additionally, the PSI correctly set forth the defendant's criminal record, listing his sentence for a prior assault conviction as "[seventeen] years jail, [suspended] after 102 months, [five] years probation."

The court sentenced the defendant on September 28, 2007. In the course of the state's sentencing presentation, the state summarized the charges of which the defendant had been convicted and requested a total effective sentence of twenty-five years imprisonment

followed by twenty years of special parole. In support of its recommendation, the state asked the court to consider, inter alia, the defendant's age and criminal record. The state correctly stated that "[t]he defendant was twenty-eight years old; the victim was fifteen years old," and, with regard to the defendant's prior assault conviction, "he received a sentence of seventeen years suspended after he served 102 months, five years probation." Defense counsel admitted that the defendant had "a prior criminal record" and that he was "still a roughly young man," but requested that the court impose "the least amount of reasonable time possible, looking at all circumstances in this case" for the defendant.

Shortly before imposing the sentence, the court, *Levin, J.*, incorrectly stated that the defendant was "now about age thirty-eight." With regard to the defendant's criminal record, the court stated: "[T]he defendant was convicted of assault in the first degree and received seventeen years suspended after 120 months. I believe 502 months of probation." The court indicated that it had considered the trial transcripts, the PSI, the victim's position as indicated in the PSI, the defendant's age, record, employment history and the acts underlying his conviction. The court then sentenced the defendant to a total effective term of nineteen years in prison followed by thirty years of special parole. Following a brief recess and discussion between the prosecutor and defense counsel off the record, the following colloquy ensued:

"The Court: Okay. I'll vacate the orders of special parole and . . . refashion it as follows: The sentences imposed remain the same, however . . . . It will be twenty years special parole. Excuse me . . . fifteen years special parole. . . . That was my intent. So fifteen on count four and fifteen on count five. Anything else?

"[The Prosecutor]: Your Honor . . . my understanding then it would be a sentence of nineteen years, fifteen years special parole.

"[Defense Counsel]: That's what he just said, correct?

"The Court: I'm sorry. . . . No. He's thirty-eight. No. Let me correct that again. Count four, ten years in prison, twenty years special parole and the same on count five."

Accordingly, the court sentenced the defendant on all ten convictions to a total effective term of nineteen years in prison followed by twenty years of special parole.[3]

On July 18, 2016, the defendant filed a renewed motion to correct an illegal sentence pursuant to Practice Book § 43-22.[4] In this motion, the defendant argued that his sentence was based on a materially inaccurate understanding of his prior criminal history and age. The court, *Fasano, J.*, held a hearing on November 10, 2016,

On that date, the defendant argued that "although the presentence investigation itself was accurate or at least materially accurate, the court's statement on the record of the underlying basis of [the defendant's] sentence— both his age and his prior criminal history [were] materially inaccurate in a significant way that violates his due process rights." In response, the state noted that it correctly had stated the defendant's age as twenty-eight during the sentencing hearing and that the defendant had not objected to the court's inaccurate statements at that time.

In a memorandum of decision filed on November 22, 2016, the court denied the defendant's motion. The court held that although the defendant had met his burden of showing that the sentencing court did give "*actual* consideration and weight to the serious nature of the [defendant's] criminal history and to [the defendant's] maturity as an adult relative to the child complainant," he had not "satisfied [his] burden of demonstrating that, in the context of the above stated considerations, the sentencing court gave *material* consideration and actual weight to the inaccuracies reflected by the transcript." (Emphasis added.) This appeal followed.

On appeal, the defendant claims that the trial court abused its discretion in denying his motion to correct an illegal sentence because the sentencing court materially relied on inaccurate information pertaining to his age and criminal history prior to imposing the sentence. The state responds that the trial court did not abuse its discretion by denying the defendant's motion because the inaccurate statements made by the sentencing court were not material to the sentence imposed. We agree with the state.

We begin by setting forth our standard of review and applicable legal principles. "[A] claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *State* v. *Charles F.*, 133 Conn. App. 698, 704–705, 36 A.3d 731, cert. denied, 304 Conn. 929, 42 A.3d 390 (2012).

"[A]n illegal sentence is essentially one [that] either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. By contrast . . . [s]entences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way [that] violates [a] defendant's right . . . to be addressed personally at sentencing and

to speak in mitigation of punishment . . . *or his right to be sentenced by a judge relying on accurate information or considerations solely in the record . . . .* These definitions are not exhaustive, however, and the parameters of an invalid sentence will evolve . . . as additional rights and procedures affecting sentencing are subsequently recognized under state and federal law." (Emphasis in original; internal quotation marks omitted.) *State* v. *Antwon W.*, 179 Conn. App. 668, 672–73, 181 A.3d 144, cert. denied, 328 Conn. 924, 180 A.3d 965 (2018).

"[D]ue process precludes a sentencing court from relying on materially untrue or unreliable information in imposing a sentence. . . . To prevail on such a claim as it relates to a [PSI], [a] defendant [cannot] . . . merely alleg[e] that [his PSI] contained factual inaccuracies or inappropriate information. . . . [He] must show that the information was *materially*[5] inaccurate and that the [sentencing] judge *relied* on that information. . . . A sentencing court demonstrates actual reliance on misinformation when the court gives explicit attention to it, [bases] its sentence at least in part on it, or gives specific consideration to the information before imposing sentence." (Footnote added; citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Bozelko*, 175 Conn. App. 599, 609–10, 167 A.3d 1128, cert. denied, 327 Conn. 973, 174 A.3d 194 (2017).

After thoroughly reviewing the record in the present case, we conclude that the trial court did not err in determining that the defendant had not met his burden of proving that the inaccuracies mentioned by the court were material to the sentence imposed. With regard to the inaccurate age stated by the sentencing court, we are persuaded by the trial court's assessment that the material factor in sentencing was not the defendant's exact age, but rather, the fact that he was older than the victim. The court reasonably concluded that "the significant and material factor relative to sentencing [was] not the specific numerical age of the [defendant], but the fact that [the defendant] was an adult male, fully developed mentally and physically; and, whether [twenty-eight] years of age, [thirty-eight] years, or [forty-eight] years, involved in a sexual assault of a child."[6]

With regard to the defendant's criminal history, the sentencing court referenced the state's recitation of the defendant's prior convictions and the PSI report, both of which correctly provided the defendant's prior convictions and the sentences he received therein. The sentencing transcript indicates that the court's inaccurate statement, "seventeen years suspended after 120 months. I believe 502 months of probation," was a mention of the prior conviction only in rote recitation. Additionally, the sentencing court's use of the term "believe," rather than a more definitive assertion, indicates that it properly relied on the accurate representa-

tion of the defendant's criminal history contained within the PSI and the state's accurate recitation, rather than its own memory of the specific sentences imposed. The court did not discuss any of the particulars of that conviction or its probationary period, and thus there is no evidence in the record to indicate that the sentencing court believed that the defendant previously had been sentenced to a period of more than forty-one years of probation, rather than his actual sentence of five years. We agree with the trial court, therefore, that the material factor for sentencing was "the serious nature of the sentences" and the fact that the defendant had an extensive criminal history, rather than the specific term of probation imposed. Finally, we note that neither the defendant nor his counsel objected to the misstatements made by the sentencing court, thereby indicating that he also did not see them as material.[7]

Indulging every reasonable presumption in favor of the court's ruling as our standard of review requires; *State* v. *Carter*, 122 Conn. App. 527, 533, 998 A.2d 1217 (2010), cert. denied, 300 Conn. 915, 13 A.3d 1104 (2011); we conclude that the trial court reasonably determined that the sentencing court did not materially rely on inaccurate information in sentencing the defendant on his charges, and thus that the defendant's sentence was not imposed in an illegal manner. Accordingly, we conclude that the trial court did not abuse its discretion by denying the defendant's motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] "In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e." *State* v. *Petitpas*, supra, 299 Conn. 101 n.3.

[2] The defendant also was convicted of larceny in the third degree in violation of General Statutes (Rev. to 2005) § 53a-124 (a) (1) and mutilation or removal of a vehicle identification, factory or engine number in violation of General Statutes § 14-149 (a). Those convictions, however, are not the subject of the defendant's motion to correct an illegal sentence.

[3] We note that, on February 13, 2015, for reasons unrelated to this appeal, the defendant's term of special parole was reduced to ten years in response to a separate motion to correct an illegal sentence.

[4] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

The self-represented defendant filed a second motion to correct an illegal sentence on February 24, 2015. That motion was subsequently stayed in light of his pending appeal that was eventually rendered moot by our Supreme Court's decision in *State* v. *Victor O.*, 320 Conn. 239, 128 A.3d 940 (2016). Thereafter, the defendant, represented by appointed counsel, renewed his motion to correct an illegal sentence on July 18, 2016.

[5] "[E]vidence is material when it has an influence, effect, or bearing on a fact in dispute . . . ." (Internal quotation marks omitted.) *State* v. *Erick L.*, 168 Conn. App. 386, 397, 147 A.3d 1053, cert. denied, 324 Conn. 901, 151 A.3d 1287 (2016); see also Black's Law Dictionary (10th Ed. 2014) (defining "material" as "[o]f such a nature that knowledge of the item would affect a person's decision-making; significant; essential").

[6] Additionally, the sentencing court was provided with the defendant's correct age by the state and did not reference the PSI when discussing the

defendant's age.

$^7$ We are cognizant of the fact that the defendant failed to file a motion for articulation to explain the inaccuracies, and this further signifies that the defendant did not view the errors as material. See, e.g., *State* v. *Bozelko*, supra, 175 Conn. App. 611–12 (defendant failed to demonstrate actual reliance on inaccuracies in PSI where defendant did not file motion for articulation with sentencing court).